ALBANY,
Feb. 1825

Whitney
v.
Spencer

---

WHITNEY *against* SPENCER and GRANT, impleaded with HERRICK.

ON error from the Common Pleas of Delaware. In that Court, the plaintiff declared against the defendants in debt, for $100, upon a bond dated July 27th, 1818, with condition, after reciting that a judgment had, on the day of the date, been rendered in favor of the plaintiff, against one Stockton, for $50, with costs, that if Stockton should well and truly pay the judgment at the expiration of 3 months from the date of the bond, or surrender Stockton's body in execution within 30 days thereafter, then the bond to be void, &c. The declaration then averred, that Stockton did not pay the judgment at the expiration of the 3 months, nor at any time afterwards, nor did he, within 30 days thereafter, surrender his body in execution, agreeably to the condition of the bond. The defendants pleaded, 1. That no execution issued on the judgment, at any time before the commencement of the plaintiff's suit: 2. That Stockton was ready,

bond be prevented by the omission of the obligee, the obligor is discharged.

within the county of Delaware, to be surrendered by the defendants whenever execution should be issued against him.

General demurrer to both pleas and joinders, upon which the Court below gave judgment for the defendants.

*L. Monson*, for the plaintiff in error, said it could not be pretended that the second plea was good. A readiness to surrender when execution should issue, cannot be considered a performance.

As to the question upon this declaration, and whether it was necessary to aver that execution issued in proper time to enable the defendants to perform, though the cases in this Court, perhaps, are not uniform, yet the weight of authority both here and in England, is decisive that where one stipulates for the act of a third person it must be literally performed, unless prevented by the act of God, or of the obligee himself. This was held in *Mounsey* v. *Drake*, (10 John. Rep. 27,) in relation to a bond almost word for word like the present. The condition of the bond there was, that the defendant should pay the debt, or surrender his body to the Sheriff; and though he offered to surrender himself to the Sheriff in due time, according to the condition of the bond, an actual surrender was held necessary. At page 29, of that volume, several cases are cited and considered by the Court, and they say there are various other cases to the same point. The Court will find the authorities uniform on this subject. (1 Saund. 215, 216, *n.* (2). Bull. N. P. 164–5. Co. Litt. 209, *a.* Reeve's Dom. Rel. 113. 2 Mod. 304. *Acherly* v, *Vernon*, Willes, 160. Selw. N. P. 525, 526, and the cases there cited. 6 T. R. 719, 720, 722, per Ld. Kenyon, Ch. J. and Lawrence & Grose, Js.)

According to these authorities, it is not enough that Stockton did all in his power. Nothing is an excuse for the non-performance, save the act of the law, the act of God, or the act of the obligee himself. Here was no condition precedent to be performed by the obligee.—

[WOODWORTH, J. But do not the terms of the bond imply, that the obligee should sue out his execution, so as to

enable the defendants to surrender? If this be so, your declaration is bad, within the authorities cited. The obligors were prevented in their performance, by the omission of the obligee.]

*Monson,* read the case of *Mounsey* v. *Drake,* and insisted that the same objection existed in that case. The obligors might have paid the debt; and they can no more excuse themselves here, for the want of an execution, than in that case.

*S. Sherwood,* contra, said this case could not be distinguished from that of *Tuttle* v. *Kip,* (19 John. Rep. 194,) upon which latter case he relied as being conclusive for the defendants in error.

*Monson* said that case went upon the construction to be given to the 8th section of the act extending the jurisdiction of Justices of the Peace. (Sess. 41, ch. 94.) Nothing appears upon this record that the bond was given under that section. It might as well relate to any other Court, and the case cannot be distinguished from *Mounsey* v. *Drake.*

*Curia.* We think differently. In *Mounsey* v. *Drake,* the condition was general to surrender to the Sheriff. Here it is to surrender in execution. No one could sue out this execution except the plaintiff. It was, therefore, his own fault that the surrender did not take place.

Judgment affirmed.