## PINDAR *v.* UPTON.

A bond, voluntarily given by a prisoner on legal process, to the creditor, will be valid
at common law, if given without duress or abuse of the process, and is not forbidden
by common law.

If the conditions of a bond are impossible, when it is made, the bond is single.   If, of
two conditions, one is impossible when it is made, the other must be performed.

A condition is not impossible if it may be performed by the concurrence of the obligee,
and in such case, if the obligee neglect or refuse to act, the condition is waived.

In Debt.   The writ contains two counts upon a bond, given by
the defendants to the plaintiff, dated April 19, 1861, for $250.   The
first count sets out the obligation only; the second states the obli-
gation and the condition, as follows : " That the said Ellis A. Upton
shall, within one year from the date of the said writing obligatory,
apply to the proper authorities, and be permitted to take and act-
ually take the oath or affirmation prescribed by law for the relief of

poor debtors; or, in default thereof, surrender himself to prison, as prescribed by law, then the said obligation to be void."

The parties agree to the following statement of facts: In November, 1860, Ellis A. Upton was arrested upon a writ of mesne process, issued from this court, in favor of James S. Pindar, and John L. Goldsmith became his bail, by placing his name upon the writ as such. At the April term, 1861, Goldsmith surrendered Upton in court, and was discharged from his liability as bail. While Upton was in the custody of the sheriff, he tendered to the plaintiff the bond in suit, and claimed to be released. The plaintiff objected that the bond was not the proper method by which to obtain Upton's release. Upton insisted that it was the proper and legal method, and finally induced the plaintiff to accept this bond, which he did, and directed the sheriff to release Upton.

At the April term, 1862, the plaintiff recovered judgment against Upton for $134.40 debt, and $27.82 costs, being $162.22, and took out execution for the same, and delivered it to the sheriff, who, on or about the 6th day of August, 1862, orally notified Goldsmith and Sceggell that he held said execution, and wanted them to produce the body of said Upton; but he gave to them no writing, nor made any demand of his fees for his services; and the said Goldsmith and Sceggell afterward, and before the return day of said execution, produced the body of said Upton to said sheriff, that he might arrest said Upton; and the sheriff declined, and said that he should not arrest him; and the sheriff returned the execution into court in no part satisfied.

The suit of *Pindar* v. *Upton* was continued from term to term from the entry, till, at the request of Upton, the judgment was rendered, April 23, 1862. The "year" mentioned in the condition of the bond expired April 18, 1862.

Upton did not perform nor attempt to perform the conditions of the bond, or any of them.

The plaintiff claims to recover such damages as he can show he has suffered by reason of said Upton not making disclosure; while the defendant denies the validity of the bond. If the plaintiff can maintain his action, damages are to be assessed at the trial term.

*C. F. Hill*, for the plaintiff.

The bond, though not given according to any statute, being given voluntarily, and is accepted, is valid. No law forbids such a contract. The condition requires no illegal acts, and so far is valid. Chit. on Con. 7, 657; 2 Pars. on Con. 253; *Clap* v. *Cofran*, 7 Mass. 101. It was not impossible nor oppressive. Want of consideration can not be averred against a bond. Dane's Dig. 159; Chit. on Con. 5; Pars. on Con. 354. The release of Upton from arrest was a good consideration. Chit. on Con. 36; *Shaw* v. *Spooner*, 9 N. H. 197; *Parker* v. *Way*, 15 N. H. 50. The plaintiff had made oath that he believed Upton concealed his property to avoid the payment of his debts. He believed and still believes that if he could subject Upton to examination, he could discover property, within reach of legal process, sufficient to pay his debt. The intention of both

parties being legal and honest, that Upton should comply with the condition or pay the penalty, that intention is to be carried into effect. Com. Dig., Agreement, C; Chit. on Con. 74, 84; 2 Pars. on Con. 7.

The bond was voluntarily offered by the defendants, without suggestion, compulsion, or any deception of the plaintiff.

Cases are numerous to the point that if a bond is not according to the statute, but was voluntarily given, it is valid and binding at common law, and the obligee may recover his actual damage. 1 Gall. 416; 5 Pet. 115; *Clap* v. *Cofran*, 7 Mass. 98; *Freeman* v. *Davis*, 7 Mass. 200; *Burroughs* v. *Lowder*, 8 Mass. 273. A replevin bond, though informal, is not void; *Morse* v. *Hodgdon*, 5 Mass. 314; though it be taken with but one surety. *Simonds* v. *Parker*, 1 Met. 508; *Van Duzen* v. *Hayward*, 17 Wend. 67; *Ring* v. *Gibbs*, 26 Wend. 502. In Maine, if the debtor, when committed, voluntarily offers to the creditor other or greater security than is required by statute, and is accepted, it is a valid contract. *Kavanagh* v. *Saunders*, 8 Me. 422; *Hoxie* v. *Weston*, 19 Me. 322; *Ware* v. *Jackson*, 24 Me. 166; *Huntress* v. *Wheeler*, 16 Me. 290; *Wallace* v. *Carlisle*, 20 Me. 274; *Barrows* v. *Bridge*, 21 Me. 398; *Howard* v. *Brown*, — Me. 385; *Fales* v. *Dow*, 24 Me. 211; *Hovey* v. *Hamilton*, 24 Me. 451, and *Horn* v. *Whittin*, 6 N. H. 88, is to the same point. The bond is valid against the sureties as against the principal. *Underhill* v. *Gibson*, 2 N. H. 352; *Bigelow* v. *Bridge*, 8 Mass. 275. The measure of the plaintiff's damages should be the amount of the judgment against Upton, and interest.

*S. B. Carter*, and *L. D. Sawyer*, for the defendants.

The bond is void. The parties undertook to act in accordance with a statute provision which did not apply to their case, and the bond is a nullity, the case not existing for which the statute provides. The cases cited for the plaintiff are not directly in point. They hold that a bond, in some respects varying from the statute prescribed for the case in which it was given, may be upheld as a common law contract. Here no statute authorized the giving a bond in any form. In *Stearns* v. *Veazey*, 33 N. H. 61, the court say (pp. 65, 66) : "But though, by reason of the terms of the statute, the security which the debtor gives upon being released by the officer is required to be in the form of a bond with a condition, it has none or few of the qualities of such common law security. It is a statute creation for statute purposes, adopted as a convenient mode for carrying out the statute provisions. Being given by the statute only, in the case of a legal arrest, for that specific purpose, it is consequently void if the case does not exist for which it is provided by the statute; an arrest upon proper process, so as to be authorized by law, and from which the party arrested may obtain release, if committed by taking the poor debtor's oath." Upton having been arrested upon mesne process, the case did not exist for which the bond was provided by statute.

If the bond is held valid, the defendants have performed the substance and intent of it, by tendering the body of Upton to the offi-

cer who had the execution before the return day. It was impossible to perform either branch of the condition till the plaintiff recovered judgment and took out execution. Before that time Upton could not "apply to the proper authorities," and "take the oath or affirmation prescribed by law for the relief of poor debtors." There are no proper authorities to whom application could be made by a defendant discharged on mesne process; no oath or affirmation is prescribed by law for the relief of such a person; nor is he a poor debtor within the meaning of the statute, which relates solely to poor debtors arrested or imprisoned on final process. Neither could Upton surrender himself to prison, for there was no law prescribing or requiring that he should do so, and no jailer had authority to receive him into custody. Performance was impracticable till the plaintiff should take out execution. The purpose of the condition is obvious, that Upton should either submit himself to examination, or be forthcoming when execution should issue. Its intent was performed by tendering the body to the sheriff who had the execution.

By neglecting to press his suit to judgment within a year, the plaintiff has waived his right to insist that the defendant had violated the condition. If the case had been continued at the request of the plaintiff, *Moore* v. *Bond*, 18 Me. 142, would be strong against him.

The plaintiff is only entitled to nominal damages. The statute rule, as to the measure of damages on poor debtors' bonds, can have no application to this case, since the bond can be valid only as a common law contract. The plaintiff can recover only "the amount equitably due," and the plaintiff suffered nothing. The offer to surrender Upton secured to the plaintiff every right he could have had if he had kept Upton imprisoned on mesne process. The plaintiff may still, if he desires a disclosure, arrest Upton on his execution, and make him elect to disclose or remain in jail.

At all events, the amount of the judgment is only *primâ facie* evidence of the damage sustained; and evidence, showing Upton to have been insolvent, when the bond was given and ever since, would reduce the plaintiff's claim to nominal damages. *Hathaway* v. *Crosby*, 17 Me. 448; *Goodwin* v. *Huntington*, 17 Me. 74.

BELL, C. J. The authorities collated with much industry by the counsel for the plaintiff satisfactorily show that obligations taken from a person in the custody of a sheriff are not invalid, or illegal as taken for ease and favor, unless they are made to himself. If an obligation is taken to the creditor, and is voluntarily offered by the prisoner, it will be held valid at common law; but if it is extorted by duress, or any abuse of legal process, and imposes conditions more onerous than those imposed by the statute, it may be avoided; and where such an obligation is forbidden by statute it is void.

The bond in suit here is such a voluntary bond. No statute declares it to be void, or forbids it to be taken. No duress or abuse of process is suggested. It may well be held a valid bond at common law.

At first look the condition of this bond seems impossible, because,

in the condition of the plaintiff's case, when it was taken, it was not in the power of the obligor to apply to the proper authority and be admitted to take and actually take the oath or affirmation prescribed by law for the relief of poor debtors, since no tribunal had any jurisdiction or proper authority to administer such oath to any person but one taken in execution, or who had been taken in execution, and had been discharged on giving bond like that given in this case ; and here no judgment had been rendered, and no execution had issued, and the obligor had been arrested on mesne process only.   For a like reason it was not in the obligor's power to surrender himself to prison, in conformity to any law, since there is no law applicable to such a case.   If this impression was correct the bond must be regarded as single, and the whole amount of the penalty recoverable, since an impossible condition is regarded as none, and the bond therefore unconditional.   Touchstone 133 ; Co. Litt. 206, a, b ; Com. Dig., Condition, D, 1.   It was, nevertheless, in the power of the obligor to perform one alternative of this condition, by the aid of the obligee, and that is sufficient to prevent its being regarded as impossible.

If the obligor had allowed judgment to be rendered against him, and an execution to issue, he might have been surrendered to the officer in charge of the execution, and have given a new bond, and then, within the year prescribed by this bond, he might have taken the poor debtor's oath, though he could not have surrendered himself at the jail, since that could only be done on the day next after the expiration of the year.   If there are two conditions in the alternative, one of which is, at the execution of the bond, impossible, the condition of the bond will be broken, if the other is not performed, or its performance is not prevented by some valid reason. *Laughter's Case*, 5 Co. 22.

It is apparent that the condition to take the poor debtors' oath, though possible, could not be performed without the assent and concurrence of the plaintiff.   No judgment could be rendered, no execution could issue without his agency ; the execution could not be placed in an officer's hands, nor any service made upon it, but by his direction.   Now it is a settled principle, that wherever, by the terms or by the nature of a condition, it can not be performed without the precedent, or concurrent act of the obligee, and he neglects or refuses to perform such act, the condition is saved. Com. Dig., Cond., I, 6, 7 ; Bac. Ab., Cond., 23 ; Co. Litt. 206, b ; 210, b ; Touch. 380, 1 ; Vin. Ab., Cond., N, c ; 2 Cruise Dig. 33 ; *United States* v. *Arredondo*, 6 Pet. 691 ; *Whitney* v. *Spencer*, 4 Cow. 39.

The action of *Pindar* v. *Upton* was continued, as the case finds, at the request of the defendant, to the April term, 1862, which commenced April 15, and the year limited in the bond expired April 18.   It was consequently impossible that the execution should be issued, and served, and notice given, so that the oath could be taken on or before the 18th.   The last continuance of the action then prevented the oath from being taken, or rather rendered it impracticable to take it.   If the plaintiff assented to that continuance, the condition of the bond is not broken.   Upon this point the

case shows nothing definite, and nothing can be decided. If the plaintiff did not assent, and the defendant obtained the continuance against his objection, the obligor has disabled himself to perform the condition, and is chargeable with the breach of it.

The plaintiff claims that he is entitled to recover the amount of his debt and interest, as damages, if there has been a breach of the condition; and he ought clearly to do so, if he has been injured to that amount. But there is no evidence of such loss, or of any specific damage. For all that appears, the·defendant is as well able to pay his debt as when the bond was taken, in which case the only injury is the loss occasioned by the delay; or he may have been then and still entirely insolvent, and the damages nominal.

*Case discharged.*