ALBANY,
August, 1809.

Livingston
v.
Bartles.

B. became bail for A. who was arrested in *July*, 1800, and then resided in *Steuben* county. A. made no defence, and a rule for judgment by default was entered, but no judgment was docketed until *August*, 1800. In *December*, 1803, A. who had been for some time confined in gaol, and was reputed insolvent removed into *Pennsylvania* where he has since resided, at the distance of 270 miles from *Steuben* county. On the 29th *March* last, A. as bail, was arrested on a writ, returnable on the first day of *May* term last, which was the first intimation the bail had of the proceedings of the plaintiff on the judgment, supposing that he had abandoned all expectation of recovering his debt. The bail applied to counsel for advice. He sent to *Albany*, on the 12th *May*, to obtain a copy of the bail-piece. The principal came to *Steuben* county, on the 9th *May*, in order to be surrendered, and as no surrender could then be made, for want of a certified copy of the bail-piece, he proceeded to *New-York*, where he arrived on the 29th *May*, and on the next day, offered the plaintiff to surrender himself into the custody of the sheriff of *New-York*. The clerk, at *Albany*, could not find the bail-piece, and he did not obtain a copy of it from the clerk of *New-York*, in whose office it was filed, until the 3d *July*, and it was sent by mail to the bail, in *Steuben* county. It was held, that the bail having been lulled into security by the plaintiff, and taken by surprise, he ought, under the circumstances of the case, to be allowed to surrender at this term

LIVINGSTON *against* BARTLES, Manucaptor, &c.

A MOTION was made on the part of the defendant, as bail of *William Kersey*, for leave to surrender his principal, and that an *exoneretur* be entered on the bail-piece.

The defendant stated in his affidavit, that he resided in *Steuben* county, and that the writ in the original cause was returnable in *July* term, 1801, and that a short time thereafter he became bail, and the bail-piece was filed in the clerk's office at *Albany*. The principal then resided in *Steuben* county, and continued to reside there, until *December*, 1803, when he removed into *Pennsylvania*, where he now resides, about 270 miles from his former residence in *Steuben*. The principal, for some time before his removal, was confined in the gaol of *Steuben* county, and was reputed insolvent. From that fact, and the omission of the plaintiff to charge the principal in execution, the bail supposed that the plaintiff had abandoned all expectation of obtaining any part of his judgment, until a few days before *May* term last, when a writ was served on the bail, returnable the first day of last term. The defendant, from ignorance, supposed that he had time, until this term, to surrender his principal; he went twice to *Bath*, to obtain advice of counsel, and was informed he must surrender the principal, and that it could not be done without a certified

copy of the bail-piece; and on the 12th of *May*, he sent to *Albany* for a copy of it.

On the 22d *May*, a judge's order was obtained, for staying proceedings until this term.

The defendant in the original suit stated, by affidavit, that he was sued in 1800, on a promissory note, and the present defendant, became special bail for him; that he made no defence, and that judgment was not docketed until *August*, 1808; that the bail was arrested the 29th of *March* last. On hearing of it, he immediately came to *Steuben* county, from *Pennsylvania*, and arrived on the 9th of *May*, in order to surrender himself; that no legal surrender could be made, for want of a certified copy of the bail-piece; that he, thereupon, went to the city of *New-York*, and arrived on the 26th of *May*, and on the 27th of *May* offered to the plaintiff's attorney, to surrender himself immediately to the sheriff of *New-York*, which offer the attorney refused to accept; that he is 64 years' old, and infirm; that he was advised to apply to the court, and has come to *Albany*, for leave to surrender, and arrived here the 31st of *July* last.

*Peter D. Beekman* stated, by affidavit, that on the 19th of *May*, he received, by letter, an order from *Steuben* county, for a copy of the bail-piece; that he made search, and could not find it; and on the 3d *July* last, received a copy of it from the clerk's office, in *New-York*, and delivered it to the attorney of the defendant, who swore, that he sent it by mail to *Steuben* county, where he supposed the surrender might have been made, in season, but the delay must have been owing to the miscarriage of the letter, inclosing the bail-piece.

An order to stay proceedings was obtained on the 22d day of *May* last, which was served on the plaintiff's attorney, the 2d of *June*, who had previously filed a declaration in this cause.

KENT, Ch. J. delivered the opinion of the court. The conduct of the plaintiff has been calculated to lull the bail to sleep, and it would be unjust for him now to take and hold the bail by surprise. It would have the appearance of a fraud practised upon the bail. The prominent facts in the case are peculiar. The principal .was sued in 1800, upon a promissory note and he made no defence. At that time, and for some years after, he resided in *Steuben* county, and was for a considerable time, in gaol, and reputed insolvent; and from these facts, and the omission of the plaintiff to proceed in the suit, the bail supposed that the plaintiff had abandoned all expectation of recovering his debt; and that this supposition was correct, appears from the fact, that the plaintiff did not docket his judgment, until *August,* 1808, and not until long after the principal had removed to the interior of *Pennsylvania,* 270 miles from his former residence. Under these circumstances, the bail must have been completely surprised, when he was arrested a few days before the return of the writ, at the last term, and as all reasonable diligence has since been used by the bail and his principal to effect a surrender, it is right, that the rule, *ex gratia,* should be extended beyond eight days after the return of the writ. I place our interference in favour of the bail, upon the ground, that the plaintiff has himself prevented a surrender long ago, by throwing the bail off his guard; and he ought not, and shall not now be permitted to avail himself of his own gross negligence or fraudulent contrivance, in order to fix the bail. The case of *Aylett* v. *Hartford* and *Richards*, (2 *Bl. Rep.* 1317.) and which is mentioned by Lord Commissioner *Wilson*, in the case *ex parte Wright*, (2 *Ves.* jun. 9.) is very much to our present purpose. In that case, a defendant was sued, and bail put in before bankruptcy. Afterwards, the defendant became a bankrupt, and the debt was proved, and the creditor acted

ALBANY,
August, 1809.

under the commission. The bail omitted to surrender the principal, because, as the creditor was proceeding in another way, they thought they had no occasion to look after him, and then the principal ran away. When the creditor, afterwards, proceeded to charge the bail, the court of C. B. would not allow the plaintiff to proceed, because he had lulled the bail asleep. The bail do not ask so much in the present case. The principal is here ready to be surrendered, and so he has been, since nearly the close of the last term; and the bail only ask for leave to surrender.

Rule granted, on payment of costs
of the suit on recognisance.