ALBANY,
August 1821.

TUTTLE
v.
KIP.

According to the true construction of the 8th section of the act extending the jurisdiction of justices of the peace, (sess. 41 ch. 94.) the creditor who has recovered judgment in the justice's court, and taken a bond with security, according to the provision of the act, must sue out execution after the expiration of three calendar months from the date of the judgment, and have a return of *non est inventus* thereon, before he can maintain an action on the bond; for the surety has no mode of complying with the alternative in the condition of the bond, but by surrendering the debtor to the constable having an execution against him.

The surety cannot surrender the principal, in such case, against his consent, or without an execution.

The common law practice of courts of record, as to surrender of bail, does not apply to a justice's court.

TUTTLE and others *against* KIP.

IN ERROR, on *certiorari*, to the Justices' Court of the city of *New-York*. *Kip* sued *Tuttle, Lane*, and *Davenport*, on a bond taken pursuant to the eighth section of the " act extending the jurisdiction of justices of the peace," passed the tenth of *April*, 1818. (sess 41. ch. 94.) *Kip*, on the 7th of *May*, 1819, recovered a judgment against *T.* and *L.* for fifty-three dollars, before an assistant justice in the city of *New-York ;* and on the 17th of *May*, 1819, the plaintiffs in error executed the bond, conditioned, that if *T.* and *L.* should pay the amount of the judgment, within three months from the date thereof, or surrender themselves in execution, within thirty days thereafter, then the obligation to be void, &c. The breach assigned was, that *T.* and *L.* had not paid the debt, nor surrendered themselves in execution, within thirty days, &c. The defendants below pleaded *non est factum*, and that no execution had been issued in the original suit, on which *T.* and *L.* could have been surrendered in execution, in discharge of the bond ; and that *T.* and *L.*, before the commencing of the suit below, did appear before the justice who gave judgment in the original suit, and offered to surrender themselves in discharge of the bond.

It was proved, that no execution was ever issued on the original judgment ; and that, on the 7th of *September*, 1819, (*thirty-one* days after the judgment, and before the commencement of the suit below,) *T.* and *L.* personally appeared before the justice who rendered the judgment, and offered to surrender themselves in execution ; but the justice refused to do any thing in the matter. The Court below gave judgment for the plaintiff on the bond.

On the return to the *certiorari*, two points were stated for the consideration of the Court : 1. That the plaintiff below could not sustain a suit on the bond, until after an execution had been issued on the original judgment, on which the defendants might have been surrendered. 2. That the offer

to surrender, before a suit on the bond, though after the thirty days had expired, was a sufficient performance of the condition, and a satisfaction and discharge of the bond.

*Per Curiam.* This case depends on the construction which is to be given to the *eighth* section of the act to extend the jurisdiction of justices of the peace, (sess. 41. ch. 94.) by which it is enacted, " that no execution shall issue on any judgment given by virtue of this act, unless by consent of the parties, in less time than three calendar months from the time of entering the same ; provided, the defendant shall give a bond with security, to be approved of by the justice before whom such judgment shall be obtained, for the payment of the debt and costs, at the expiration of the said three months, or surrender the body in execution within thirty days thereafter." We perceive no statute authority for surrendering a debtor, in discharge of his surety or bail in a Justice's Court, unless it be by delivering him to the constable having an execution against him. The common law incidents of a *recognizance of bail,* according to the practice of courts of record, do not apply to a Justice's Court. *Davenport* was *surety,* not *bail.* It would be false imprisonment in a justice to commit a debtor to gaol, on the ground of a surrender by his surety, without the consent of his principal. The " surrender of the body in execution," here means, the delivering up of the debtor to the constable having an execution against him. The condition of the bond, in this case, is in the alternative : either to pay the amount of the judgment in *three months,* or to surrender the debtor in execution, within thirty days thereafter ; either of these acts would be a satisfaction of the bond. The statute clearly meant to allow the surety the privilege of being exonerated, if the principal was found, on the execution. It, therefore, seems, that the sound interpretation of the statute requires, that the creditor should sue out execution at the end of the three calendar months from the date of the judgment, and have a return of *non est inventus* thereon, before he can maintain a suit on the bond. It is at the pleasure of the creditor to sue out execution or not ; and it would be unreasonable and unjust to allow him to render

the bond absolute, by forbearing to take out an execution, and thereby deprive the surety of the only possible mode of complying with the condition of the bond, by surrendering the principal "in execution." We are, therefore, of opinion, that the judgment of the Justices' Court must be reversed.

Judgment reversed.