SARAH TOLES, Respondent, *v.* GEORGE ADEE et al., Executors, etc., Appellants.

*It seems* public policy requires that officers armed with bailable process for the arrest of defendants should, in taking securities for their enlargement, be held to a strict compliance with statutory requirements.
*It seems* also the fact, that, under our practice, bail taken by a sheriff on discharging a defendant from arrest stands in some sense both as bail to

the sheriff and bail to the action, does nŏt affect the application of the stat-
ute making void obligations taken *colore officii* in any other case or man-
ner than as provided by law (2 R. S. 286, § 59) when the undertaking con-
tains conditions not prescribed by law ; nor is it in the power of the plaint-
iff afterward to adopt the act of the sheriff and thereby avoid the effect of
the illegality.

*It seems* also the validity of the security is not dependent upon the ques-
tion whether it was voluntarily given or was extorted by actual duress and
oppression.

Where, however, the sheriff, after an arrest had been made, under an order
which specified, as prescribed by the Code of Procedure (§ 183), the sum
for which defendant should be held to bail, and after declining to accept
a bond executed by one instead of· by two or more sufficient bail as
prescribed by said Code (§ 187), did agree, at defendant's solicitation, to
take to plaintiff's attorneys an undertaking executed by one in double
the amount specified in the order, and if it should be approved and
accepted by them, that defendant should be ·discharged, the latter
agreeing that. if they should decline to accept he would, on being
notified, give a new undertaking, as prescribed by the ·Code, and in the
meanwhile should remain in the custody of his bail, and where said
attorneys accepted ·the undertaking so executed, *held,* that the un-
dertaking, when thus accepted, might be regarded as an agreement
made between the parties to the action, and not as an undertaking taken
by the sheriff under claim or in the exercise of official authority ; and
that so considered it became operative and binding, though not as a
statutory obligation.

It appeared that the action in which the order of arrest was issued was de-
cided in favor of plaintiff and decision filed in the clerk's office in July,
1868. In September, 1868, the defendant's attorneys served written no-
tice on plaintiff's attorneys to tax costs and enter judgment, but no action
was taken until April, 1874, when judgment was entered and after re-
turn of a property execution unsatisfied, body execution ·was issued and
returned by the sheriff not found. The defendant has, since 1868, re-
sided out of the State. He returned to the State in 1869, and in 1871,
remaining on each occasion several weeks. During his visit in 1871 the
executors of the surety in the .undertaking made search for it at the
clerk's office but it had not then been filed. They then called upon
plaintiff's attorney and informed him that the defendant was here and
would remain a month, and that they had searched for the undertaking
so as to make a surrender ; they requested him to enter judgment, issue
execution and enforce it, so that the estate might be discharged from lia-
bility, they offering to stipulate the costs to prevent delay. This he de-
clined to do. *Held,* that as the undertaking was only enforceable upon
the theory that it was an agreement good at common law and not requir-
ing the aid of the statute, the testator stood as surety merely ; that he
was the jailer of his principal, and the statutory provisions authorizing

bail to surrender their principal did not apply; that *laches* was a good defense to the action; and that the evidence required the submission of that question to the jury.

Bail are sureties with the rights and remedies of sureties in other cases.

The neglect of a creditor, upon request of a surety, to proceed against the principal discharges the surety, if thereby the debt has been lost.

(Argued January 19, 1881; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiff, entered upon an order made November 26, 1879, denying a motion for a new trial and directing judgment on a verdict.

This action was brought upon an undertaking executed by Stephen B. Adee, defendants' testator for bail.

The material facts are stated in the opinion.

*George Adee* for appellant. No cause of action survived the death of Stephen B. Adee. (3 Williams on Executors [7th ed.], 1869; De Golyer on Guarantees, etc. [Am. ed], 422; Smith on Mercantile Law, 286; *Randall* v. *Sackett*, 77 N. Y. 480, 482; *Jardan et al.* v. *Dobbins, Admr.*, 122 Mass. 168; *Harris* v. *Fawcett*, L. R., 15 Eq. Cas. 311; L. R., 8 Ch. App. 866; Redf. Law of Wills, 274, § 6; 2 Williams on Executors, 1604; Smith's Com. Law, 425; 3 Redf. Law of Wills, 279, § 14; *The People* v. *Gibbs et al., Exrs.*, 9 Wend. 29; Dyer, 271, 322; 2 Bac. Abr. 245; Shaw, 176; 2 Mad. 145; *Martin* v. *Brady*, 1 Caines, 124; *Franklin* v. *Law*, 1 Johns. 402; *Risely* v. *Brown*, 67 N. Y. 160; *Houck* v. *Craighead et al.*, id. 432; *Randall* v. *Sackett*, 77 id. 480.) The undertaking is void in law as illegally taken by the sheriff by color of his office, and as taken while the defendant was under duress. (2 R. S. 286, § 59; *Kelly* v. *McCormick*, 28 N. Y. 318, 321; Code of Proc., § 192; 1 Bl. Com. marg. p. 136, 344; 2 R. S. 440, § 77; *Smith* v. *McFall*, 18 Wend. 523; *Wilson* v. *Williams*, id. 585; *McDonald* v. *Neilson*, 2 Cow. 139, 183; *Silvernail* v. *Cole*, 12 Barb. 685; *Partridge* v. *Com. Fire Ins. Co.*, 17 Hun, 95; 1 Bouv. Law Dict. 244; Wharton's Law Lex. 177; Tomlin's Law Dict.; *Burrall* v.

*Acker,* 23 Wend. 606, 608; *Decker* v. *Judson,* 16 N. Y. 439, 442; *Martin* v. *Campbell,* 37 Barb. 179, 182; *Shaw* v. *Tobias,* 3 N. Y. 188, 192; *Burrall* v. *Acker,* 23 Wend. 606; *King* v. *Gibbs,* 26 id. 502; *Winter* v. *Kinney,* 1 N. Y. 365; *Richardson* v. *Crandall,* 48 id. 348; *Morton* v. *Campbell,* 37 Barb. 179, 184; *People* v. *Chalmers,* 1 Hun, 683; *Dale* v. *Bull,* 2 Johns. Cas. 239, 245; *Love* v. *Palmer,* 7 Johns. 159; *Strong* v. *Tompkins,* 8 id. 98, 100; *Sherman* v. *Boyce,* 15 id. 443; *Reed* v. *Pruyn,* 7 id. 426; *Sullivan* v. *Alexander,* 19 id. 233; *Millard* v. *Canfield,* 5 Wend. 61; *Webber's Executors* v. *Blunt,* 19 id. 188; *Bank of Buffalo* v. *Boughton,* 21 id. 57; *Barnard* v. *Viele,* id. 88; *People* v. *Meighan,* 1 Hill, 298; *Webb* v. *Albertson,* 4 Barb. 51, 52; *Cook* v. *Freudenthal,* MS. opinion, decided February 24, 1880; *S. C.,* 10 N. Y. Dig. 85; *S. C.,* 7 id. 268; *Cook* v. *Horwitz,* 14 Hun, 542; Code of Proc., §§ 178, 187, 201, 211; *Clapp* v. *Schutt,* 44 N. Y. 104; *Douglass* v. *Warren,* 19 Hun, 1.) The undertaking was taken for the sheriff's benefit. (Code of Proc., §§ 192, 201; *Clapp* v. *Schutt,* 44 N. Y. 104; *Douglass* v. *Warren,* 19 Hun, 1.) If the agreement set up was made with the sheriff, in contravention and evasion of the statute, it is void. (*Winter* v. *Kinney,* 1 N. Y. 369; Code of Proc., § 178.) Plaintiff is estopped by the sheriff's and clerk's certificates. (*Russell* v. *Gray,* 11 Barb. 541, 544; *McArthur* v. *Pease,* 46 id. 423; *Townsend* v. *Olin,* 5 Wend. 207; *Baker* v. *McDuffie,* 23 id. 289; Dalton, 189, 190; 1 Lord Raym. 184; Watson on Office of Sheriff, 72; *Anonymous,* 4 How. 112; *Sheldon* v. *Paine,* 10 N. Y. 398; Hermon's Law of Estoppel, §§ 57, 210, 215, 216, 217, 220, 346, 462; *Richardson* v. *Crandall,* 48 N. Y. 348, 363.) Duress avoids a contract and the surety may avail himself of the defense. (*Osborn* v. *Robbins,* 36 N. Y. 365; *Eadie* v. *Slimmons,* 26 id. 9; *Strong* v. *Grannis,* 26 Barb. 122; *Richards* v. *Vanderpoel,* 1 Daly, 71; *Foshay* v. *Ferguson,* 5 Hill, 154; *Watkins* v. *Baird,* 6 Mass. 506; *Wheaton* v. *Fay,* 62 N. Y. 275, 283.) If the sheriff did not tell Mr. Adee the truth as to what the bond was taken for, or if the sheriff was mistaken, then it was a mutual mistake and it should be adjudged void. (2 Kent's Com. 483, note *d; Mo-*

*ran* v. *McLarty*, 75 N. Y. 25; *Dambman* v. *Schulting*, id. 55; *Payne* v. *Jaynes et al.*, id. 593; *Jackson* v. *Andrews*, 59 id. 244, 247; *Nevins* v. *Dunlap*, 33 id. 676; *Story* v. *Conger*, 36 id. 676; 64 id. 453, 455.) The plaintiff's neglect to enter judgment and issue executions discharged the bail. (2 R. S. 382, §§ 31, 33; *Gauntley* v. *Wheeler*, 31 How. Pr. 137; Code of Civil Procedure, § 572; *Sumner* v. *Osborn*, 11 N. Y. Weekly Dig. 25; *Whitney* v. *Spencer*, 4 Cow. 39, 41; *Mounsey* v. *Drake*, 10 Johns. 27; *Tuttle* v. *Kip*, 19 id. 194, 196; *Gorham* v. *Gale*, 7 Cow. 739; *Shaw* v. *Kidder*, 2 How. 244, 246; 1 Johns. 507; 1 Caines, 252; *Northern Ins. Co.* v. *Wright*, 76 N. Y. 445; *Craig* v. *Parkis*, 40 id. 186; *McMurray et al.* v. *Noyes*, 72 id. 523, 525; *Craig* v. *Parkis*, 40 id. 181; *Row* v. *Pulver*, 1 Cow. 246; *King* v. *Baldwin*, 17 Johns. 384; *Penniman* v. *Hudson*, 14 Barb. 579, 581; *Moakley* v. *Riggs*, 19 Johns. 69, 72; *Burt* v. *Horner*, 5 Barb. 501, 506, 509.) A guarantor is discharged in all cases where the guarantee unreasonably neglects to perform any condition upon which the liability of the guarantor depends. (*Vanderveer* v. *Wright*, 6 Barb. 547; *Penniman* v. *Hudson*, 14 id. 579; *Mains* v. *Hudson*, 14 id. 76; *Newell* v. *Fowler*, 23 id. 628; *Taylor* v. *Bullen*, 6 Cow. 624; *Thomas* v. *Woods*, 4 id. 173; *Cumpston* v. *McNair*, 1 Wend. 457; *Eddy* v. *Stantons*, 21 id. 255; *Loveland* v. *Shepard*, 2 Hill, 139.) The claim against a guarantor is *strictissimi juris* and the terms of the guaranty must be complied with. Nothing excused the plaintiff from immediately entering judgment and issuing executions annually upon each payment. (*Stewart* v. *Ranney*, 26 How. 279; *Walrath* v. *Thompson*, 6 Hill, 540; *S. C.*, 2 N. Y. 185; *Leeds* v. *Dunn*, 10 id. 469; *Henderson* v. *Marvin*, 11 Abb. Pr. 142; *Dobbin* v. *Bradley*, 17 Wend. 422; *Bebee* v. *Johnson*, 19 id. 500; *Newell* v. *Fowler*, 23 Barb. 628; *Kies* v. *Tifft*, 1 Cow. 98; *Moakley* v. *Riggs*, 19 Johns. 69; *Inman* v. *Western F. Ins. Co.*, 12 Wend. 452; *Craig* v. *Parkis*, 40 N. Y. 186; *Taylor & Otis* v. *Bullen*, 6 Cow. 624; *White* v. *Case*, 13 Wend. 543.) A surety is discharged when he gives the principal notice to collect at a time when the claim can be enforced, and

the principal refuses. (*Remson* v. *Backman*, 25 N. Y. 552, 555; *Paine* v. *Packard*, 13 Johns. 174; *King* v. *Baldwin*, 17 id. 383; *Manchester Iron Manf. Co.* v. *Sweeting*, 10 Wend. 162; *Huffman* v. *Hulbert*, 13 id. 375; 1 Story's Eq. Jur., § 325; *Northern Ins. Co.* v. *Wright*, 13 Hun, 166; 76 N. Y. 445.) The contract of Stephen B. Adee is simply that of suretyship. (*Wood* v. *Fisk*, 63 N. Y. 245; *Rathbone* v. *Warren*, 10 Johns. 587, 595.) Bail to the action may be released on motion, if their principal is discharged from his debts before their liability is fixed as bail. (*Knapp* v. *Anderson*, 1 N. Y. 466; *People* v. *Manning et al.*, 8 Cow. 297, 299; 2 R. S. 330, § 16; Code of Proc., §§ 150, 191; Code of Civil Proc. 507, 601; *Monroe* v. *Upton et al.*, 6 Lans. 255; *S. C.*, 50 N. Y. 593, 597; *Clark* v. *Rawling*, 3 id. 216, 222; U. S. R. S., §§ 5067, 5071; *Carpenter* v. *Turrell*, 100 Mass. 450; *Odell* v. *Walten*, 38 Ga. 224; *Cornell* v. *Dakin*, 38 N. Y. 253; *Poppenhausen* v. *Seely*, 3 Abb. Ct. App. Dec. 615; *Payne* v. *Able*, 7 Bush [Ky.], 344; *S. C.*, 4 Bank. 220; 1 Burr, 244; 3 Bl. Com. 292, n. 31; Tidd's Pr. [8th ed.] 290 to 295, 403, 1147, 1182, 1187; *Martin* v. *Kilbourn*, Cent. L. J. 94; *Barber* v. *Rogers*, 71 Penn. St. 362; *Seaman* v. *Drake*, 1 Caine, 9; *Kane* v. *Ingraham*, 2 Johns. Ch. 403; *Olcott* v. *Lillie*, 4 Johns. 407; *Trumbull* v. *Healey*, 21 Wend. 670; *Buckman* v. *Cowell*, 1 N. Y. 505; *Ocean Nat. Bk.* v. *Olcott*, 46 id. 12, 16; *Depuy* v. *Swart*, 3 Wend. 135; *Baker* v. *Wheaton*, 5 Mass. 509.) Plaintiff's neglect to file the undertaking prevented a surrender and *exoneretur.* (Code of Proc., §§ 188 423; *Wilson* v. *Williams*, 18 Wend. 581, 583; *People* v. *Bartlett*, 3 Hill, 570, 571; *People* v. *Cook*, 30 How. 110, 114; *People* v. *Cuskney*, 44 Barb. 118; *People* v. *Manning*, 8 Cow. 297; *Carpenter* v. *Stevens*, 12 Wend. 589; *Cozine* v. *Walter*, 55 N. Y. 304, 309.) The plaintiff, by keeping the undertaking from the clerk's office, prevented a surrender and an *exoneretur* and cannot take advantage of it. (Code of Proc., §§ 188, 189, 191; 2 R. S. 380, §§ 21, 22; *Cozine* v. *Walter*, 55 N. Y. 304, 308, *supra;* Herman's Law of Estoppel, §§ 228, 462; *Young* v. *Hunter*, 6 N. Y. 203; *Moses* v. *Bier-*

*ling*, 31 id. 462, 464; *Clark* v. *Niblo*, 3 Wend. 24; *S. C.*, 6 id. 237.) Plaintiff cannot profit by the fraud of her agent, whether she knew it or not. (*Bennett* v. *Judson*, 21 N. Y. 238; *Hathaway* v. *Johnson*, 55 id. 93, 96; *Cosgrove* v. *Ogden*, 49 id. 255; *J. P. & C. R. Co.* v. *Tyng*, 63 id. 653; *Elwell* v. *Chamberlain*, 31 id. 611, 619; *Crans* v. *Hunter*, 28 id. 389; *Craig* v. *Ward*, 3 Keyes, 387; *Kerr* v. *Mount*, 28 N. Y. 659; *Brainerd* v. *Dunning*, 30 id. 211.) The sheriff's official certificate being conclusive against the bail it was conclusive against the plaintiff. (*Townsend* v. *Olin*, 5 Wend. 207; *Baker* v. *McDuffie*, 23 id. 289; Dalton, 189, 190; 1 Ld. Raym. 784; Watson on Office of Sheriff, 72; *Anonymous*, 4 How. 112; *Sheldon* v. *Paine*, 10 N. Y. 398; Herman's Law of Estoppel, §§ 57, 210, 346, 462.)

*I. H. Maynard* for respondent. It was unnecessary to allege that in the complaint an execution against the property of Augustus W. Adee had been issued and returned unsatisfied. (*Renick* v. *Orsen*, 4 Bosw. 384, 389; *Hinman* v. *Beers*, 13 Johns. 529; *Scott* v. *Shaw*, id. 378; 3 Tiffany & Smith's Pr. 99, note.) It was also unnecessary to allege that an execution against the body of Augustus W. Adee, having at least fifteen days between the teste and the return thereof, had been issued. (Old Code, § 289; *Fake* v. *Edgerton*, 3 Abb. Pr. 229; *Bensel* v. *Lynch*, 44 N. Y. 162.) The action in which the order of arrest was issued was one in which, under the provisions of the Code, an order of arrest could be properly issued. (*McIntosh* v. *McIntosh*, 12 How. 289; *Jamieson* v. *Jamieson*, 11 Hun, 38; *Gardiner* v. *Gardiner*, 3 Abb. N. C. 1.) In any event the surety upon the undertaking is estopped from raising any such question. (*Gregory* v. *Levy*, 12 Barb. 610; *Kelley* v. *McCormack*, 28 N. Y. 318.) The undertaking in question bound the estate of Stephen B. Adee, although no actual breach occurred in his life-time, and an action can be maintained against his executors to recover for a breach occurring after his death. (3 R. S. [6th ed.] 123, § 2; 3 Redf. on Executors, 277, § 9; *Frederick* v. *Frederick*, 1 P. Wms. 710–

721; *Hyde* v. *Skinner*, 2 id. 196–197; *Hyde* v. *Dean and Canons of Windsor*, Cro. Eliz. 552–553; Dayton's Surrogate, 486–555; *Getty* v. *Binsee*, 49 N. Y. 385; Yates' Pleadings, 61; *Metcalf* v. *Stryker*, 31 N. Y. 257; Graham's Practice, 427, 439; *Wheeler* v. *Wheeler*, 7 Mass. 169; *Meadowscroft* v. *Sutton, Ex'rs*, 2 Bosanquet & Puller, 61.) The undertaking was not void on the ground that it was taken by the sheriff *colore officii*. (Tomlyn's Law Dic.; *Winter* v. *Kinney*, 1 Comst. 365; *Decker* v. *Judson*, 16 N. Y. 442; *Kelley* v. *McCormack*, 28 id. 318; *Burrall* v. *Acker*, 23 Wend. 606; *Webber's Executors* v. *Blunt*, 19 id. 188; *Morton* v. *Campbell*, 37 Barb. 179; *Norden* v. *Horsley*, 2 Wils. 69; *Cook* v. *Horwitz*, 14 Hun, 542; *Cook* v. *Fredenthal*, 80 N. Y. 202.) This undertaking was accepted by the plaintiff herself, acting through her attorneys; and the statutes declaring void securities taken by public officers, *colore officii*, have no application to a security taken by a party at whose suit an arrest is made. (Voorhies' Code [10th ed.], 394; *Winter* v. *Kineny*, 1 N. Y. 368; *Decker* v. *Judson*, 16 id. 443; *Cadwell* v. *Colgate*, 7 Barb. 258, 259; *Morton* v. *Campbell*, 37 id. 184; *Harp* v. *Osgood*, 2 Hill, 216; *Armstrong* v. *Garrow*, 6 Cow. 465; *Burrall* v. *Acker*, 23 Wend. 606; *Ring* v. *Gibbs*, 26 id. 502; *Kavanagh* v. *Saunders*, 8 Greenl. 342; Cro. Eliz. 190; *Hall* v. *Carter*, 2 Mod. 304; *Pilkington* v. *Green*, 2 Bos. & Pul. 151; *Sugars* v. *Brinkworth*, 4 Camp. 46; *Burrall* v. *Acker*, 28 Wend. 606; *Cadwell* v. *Colgate*, 7 Barb. 258; *Winter* v. *Kinney*, 1 N. Y. 368; 3 R. S. [6th ed.] 448, § 49; *Clapp* v. *Schutt*, 44 N. Y. 104.) The word "law," as used in the statute, is not to be restricted to statute law, and if the bond is one which would have been good at law, it is not within the prohibition of the statute. (*Chamberlin* v. *Beller*, 18 N. Y. 115; *Griffiths* v. *Hardenberg*, 41 id. 464; *Decker* v. *Judson*, 16 id. 443; *Turner, etc.,* v. *Hadden*, 62 Barb. 480; *Cornell* v. *Dakin*, 38 N. Y. 253.) The return was not in any sense conclusive, nor did it preclude the parties from showing all the facts and circumstances under which it was made. (*Codwise* v. *Fild*, 9 Johns. 263; *Bank of Orange County* v. *Wakeman*,

1 Cow. 46; *Dubois* v. *Dubois*, 2 Wend. 416; *Townsend* v. *Olin*, 5 id. 207; *Browning* v. *Hanford*, 5 Den. 586.) The defendants are estopped from raising any question as to the irregularity, invalidity, or illegality of this undertaking. (*Levi* v. *Dorn*, 28 How. 217; *Bowne* v. *Mellor*, 6 Hill, 496; *Coleman* v. *Bean*, 14 Abb. 38; *Bates* v. *Merrick*, 2 Hun, 568; *Chamberlin* v. *Applegate*, id. 511; *Stever* v. *Sornberger*, 24 Wend. 275; *Gregory* v. *Levy*, 12 Barb. 610; *Morton* v. *Campbell*, 37 id. 179; *Fake* v. *Whipple*, 39 id. 338; *Jarvis* v. *Sewell*, 40 id. 459; *Coleman* v. *Bean*, 32 How. 370; *Shaw* v. *Tobias*, 3 N. Y. 188; *Decker* v. *Judson*, 16 id. 439; *Egbert* v. *Darr*, 3 Watts & Serg. 517; *Morse* v. *Hodson*, 5 Mass. 314; *Holbrook* v. *Klenert*, 113 id. 268; *Clapp* v. *Guild*, 8 Mass. 153; *Ring* v. *Gibbs*, 26 Wend. 502.) A person may waive any statutory, or even constitutional provision enacted for his protection and affecting only his property or rights. (*Williams* v. *Potter*, 2 Barb. 316; *Buell* v. *Trustees*, 3 N. Y. 197; *Root* v. *Wagner*, 30 id. 9; *Pfyfe* v. *Eiller*, 45 id. 102; *Stever* v. *Sornberger*, 24 Wend. 275; *Col. Ins. Co.* v. *Force*, 8 How. 353; *Gregory* v. *Levy*, 12 Barb. 610; *Dale* v. *Radcliff*, 25 id. 333; *Morton* v. *Campbell*, 37 id. 184; *Shaw* v. *Tobias*, 3 Const. 188.) Whatever representations the sheriff may have made as to the legal effect of the undertaking, even if untrue, it did not constitute a fraud for which the plaintiff can be held responsible. (*Wheaton* v. *Fay*, 62 N. Y. 575; *Duffany* v. *Ferguson*, 66 id. 482; *March* v. *Falker*, 40 id. 562; *Meyer* v. *Meyer*, 45 id. 169; *Oberlander* v. *Speiss*, id. 175; *Hubbell* v. *Meigs*, 50 id. 480; *Marshall* v. *Fowler*, 7 Hun, 253; *Kerr* v. *Mount*, 28 N. Y. 659; *Raney* v. *Weed*, 3 Sandf. 577; *Hall* v. *Waterburry*, 5 Abb. N. C. 374; *Welsh* v. *Lochran*, 63 N. Y. 181; *Kelly* v. *Christal*, 16 Hun, 242; *Western L. Ins. Co.* v. *Clinton*, 66 N. Y. 326; *Coleman* v. *Bean*, 3 Keyes, 97.) The liability of defendants' testator upon the undertaking was not discharged by the discharge of Augustus W. Adee, in bankruptcy. (*McCombes* v. *Allen*, 8 Weekly Dig. 337; *Knapp* v. *Anderson*, 71 N. Y. 466; *Holyoke* v. *Adams*, 1 Hun, 223; 2 N. Y. S. C. [T. & C.] 1; 59 N. Y. 241–2; *Hoyt* v. *Freel*, 8 Abb. [N. S.] 232; *Matter of White-*

*house,* 4 Bk. Reg. 15; 2 Alb. L. J. 359; *Minor* v. *Van Nos-trand et al.,* 4 B. R. 28; 2 Alb. L. J. 268; *Grover & Baker* v. *Clinton,* N. B. R. 112, and 8 Alb. L. J. 268; *Matter of Hennecksborough & Block,* 7 N. B. R. 37, and 6 Alb. L. J. 309; *Robinson et al.* v. *Pesant,* 53 N. Y. 419; *Rudge* v. *Rundle,* 9 Alb. L. J. 110.) The failure or omission to file the undertaking in the clerk's office until Nov. 11, 1872, was at most a mere irregularity and did not invalidate the instrument, or release or exonerate the defendants' testator from liability thereon. (Old Code, § 192.) A surety in an undertaking in an action in court does not occupy the same relation to the party for whose benefit the bond is given as a surety for a debtor occupies toward a creditor, and he cannot, by a simple notice to the party, control the conduct of the suit. (*Jewett* v. *Crane,* 35 Barb. 208.) The delay in the entry of judgment was not the fault of plaintiff or her attorneys, and notice to her attorneys to enter judgment was ineffectual for any purpose. It was the duty of the clerk upon the filing of the decision to enter judgment. (Old Code, §§ 278, 279, 280, 281; *Renouil* v. *Harris,* 2 Sandf. 641; *Earl* v. *Barnard,* 22 How. 437; *Heinemann* v. *Waterbury,* 5 Bosw. 686; *Purdy* v. *Peters,* 15 Abb. 160; *Macomber* v. *The Mayor, etc.,* 17 id. 46; *Hoffnung* v. *Grove,* 18 id. 14; *Petrie* v. *Fitzgerald,* 2 Abb. [N. S.] 354; *Henry* v. *Bow,* 20 How. 215; *Stinson* v. *Huggins,* 16 Barb. 658.) The attorney's authority did not extend to the performance of any affirmative act upon his part which could operate as a release of the bail, and he could not release them by any act or omission, default or neglect, of which the plaintiff had no knowledge, and to which she did not consent. (*McCrea* v. *Bartlett,* 8 Johns. 361; *Kellogg* v. *Gilbert,* 10 id. 229; *Beardsley* v. *Root,* 11 id. 464; *Simonton* v. *Barrell,* 21 Wend. 362; *Averill* v. *Williams,* 4 Den. 295; *Shaw* v. *Kidder,* 2 How. Pr. 244; *Lewis* v. *Woodruff,* 15 id. 539; *East River Bk.* v. *Kennedy,* 9 Bosw. 543; *Bennett* v. *Third Ave. R. R.,* 45 N. Y. 628; *Beers* v. *Hendrickson,* id. 665; 6 Rob. 93.) Defendants had the power at any time to surrender Augustus W. Adee in their

own exoneration, which is a conclusive answer to their claim to have suffered loss in consequence of the plaintiff's delay in issuing execution. (3 Bl. Com. 290; *Anonymous,* 6 Mod. 231; *French's Case,* id. 247; *Sheer* v. *Brooks,* 2 H. Bl. 120; *Ex parte Gibbons,* 1 Atk. 237; *Anonymous,* Show. 214; *Nichols* v. *Ingersoll,* 7 Johns. Cas. 413; *Harp* v. *Osgood,* 2 Hill, 216; *Ex parte Lyne,* 3 Stark. 470; Old Code, § 189; *Van Rensselaer* v. *Hopkins,* Col. & C. Cas. 481; *Wheeler* v. *Wheeler,* 7 Mass. 169; *Meadowscraft* v. *Sutton, Ex'rs,* 2 Bos. & Pul. 61.) Even as between a creditor and the surety of his debtor, in order to exonerate the surety, by failure to proceed against the principal, the surety must show a full and explicit notice or request to the creditor to proceed without delay, an improper neglect to do so, and that thereby recovery of the debt from the principal has been lost. (*Mounsey* v. *Drake,* 10 Johns. 27; *Pain* v. *Packard,* 13 id. 174; *Fulton* v. *Matthews,* 15 id. 433; *King* v. *Baldwin,* 17 id. 384; *Warner* v. *Beardsley,* 8 Wend. 194; *Huffman* v. *Hulbert,* 13 id. 377; *Herrick* v. *Borst,* 4 Hill, 650; *Valentine* v. *Farrington,* 2 Edw. 53; *Thompson* v. *Hall,* 45 Barb. 214; *Singer* v. *Troutman,* 49 id. 182; *Field* v. *Cutter,* 4 Lans. 195; *Schroeppel* v. *Shaw,* 3 N. Y. 446; *McKechnie* v. *Ward,* 58 id. 541; *Clark* v. *Sickler,* 64 id. 231.) The relation of creditor and debtor did not exist between plaintiff and the defendants' principal, and hence they are not in a situation to invoke the rule which obtains where the relation of surety grows out of a simple contract between the parties. (*Davey* v. *Prendergrass,* 5 Barn. & Ald. 187, 191; *Rathbone* v. *Warren,* 10 Johns. 587.) Interest was properly allowed upon the amount of the judgment for which execution was issued. (*Levi* v. *Nichols,* 19 Abb. 282; *Willett* v. *Lasalle,* id. 272; *Treadwell* v. *McKeal,* 2 Johns. Cas. 340; *Walker* v. *Waterman,* 50 Vt. 107.)

ANDREWS, J. The order of arrest issued in the action of Sarah L. Adee (now Sarah L. Toles), against her former husband, Augustus W. Adee, was in the form prescribed by section 183 of the Code of Procedure, and required the

sheriff to arrest the defendant and hold him to bail in the sum of $1,000. The sheriff arrested the defendant, and at the time of the arrest delivered to him a copy of the order of arrest and of the affidavit upon which it was granted. The sheriff, after the arrest had been made, went with the defendant to the house of his father, Stephen B. Adee, upon the defendant's suggestion that he would procure his father and some other person to execute the requisite undertaking for his release on bail. It was there proposed to the sheriff that he should accept an undertaking executed by the father alone. The sheriff declined to do this, but finally, upon the urgent solicitation of the defendant, agreed that if the defendant's father would execute an undertaking in the sum of $2,000, he would take it to the plaintiff's attorneys, and if they approved and accepted it, the defendant should be discharged from the arrest, the defendant on his part agreeing that if the plaintiff's attorneys should decline to accept the undertaking, then, on being notified of the fact by the sheriff, he would cause a new undertaking to be executed with two sureties, as required by the order, and that meanwhile he should remain in the custody of his father. An undertaking was thereupon executed by Stephen B. Adee, and delivered to the sheriff, who, on receiving it, discharged the defendant from actual custody. The plaintiff's attorneys accepted the undertaking, and judgment having been obtained in the action in favor of the plaintiff, this action is brought upon the undertaking against the executors of Stephen B. Adee, for a breach of the condition that Augustus W. Adee should hold himself amenable to the process of the court during the pendency of the action, and to such as might issue to enforce the judgment therein.

The undertaking was not in conformity with the statute. The statute prescribes that the undertaking of bail shall be executed by two or more bail. (Code, § 187.) Nor did the undertaking comply with the order of arrest. The order required the sheriff to take bail in the sum of $1,000, whereas the undertaking is in double that sum. It is insisted by the defendants that the undertaking is void *colore officii* within the stat-

ute, which enacts that "no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law; and any such bond, obligation or security, taken otherwise than as herein directed, shall be void." (2 R. S. 286, § 59.)

Section 183 of the Code requires that the order of arrest shall specify the sum for which the defendant shall be held to bail. The amount of bail is to be fixed by the judge granting the order. The plain object of this requirement of the statute is to prevent the exaction of unreasonable or oppressive bail, and to leave nothing to the discretion of the officer executing the process. The sum mentioned in the order limits the power of the officer; and if he exacts an undertaking for a greater sum, the undertaking is clearly within the statute and void. We have had occasion recently, in the case of *Cook* v. *Freudenthal* (80 N. Y. 205), to pass upon the validity of an undertaking taken by a sheriff from a defendant arrested in an action for the claim and delivery of personal property, which contained a provision beyond what was required by the statute; and we held that the bond was for that reason void and could not be enforced at the suit of the plaintiff in the action, although the sheriff appeared to have acted in good faith. Further reflection has confirmed the opinion we then entertained, that public policy requires that officers armed with bailable process for the arrest of defendants should, in taking bonds or other securities for their enlargement, be held to a strict compliance with statutory requirements, neither accepting less nor demanding more than the law prescribes. Taking bail in personal actions was made compulsory upon sheriffs by the statute 23 Hen. VII, chap. 8; and this privilege was made more definite and secure by subsequent enactments. The statute Hen. VII related to bail on *mesne* process only. The right of the sheriff to take bail for the appearance of defendants to answer a writ or process is said, in *Dive* v. *Maningham* (1 Plowden, 67), to have existed before the statute at common law, although this is denied in *Beaufage's Case* (10 Co. 426). The statute required sheriffs to let to bail prisoners ar-

rested in personal actions, upon their giving reasonable surety
to·keep their days, etc., and prescribed the form of the bond,
and that it should be on condition that the prisoner appear at
the day contained in the writ, etc., and in such place as the
writ requires; and then followed the provision that if any
sheriffs take any obligation in other form, by color of their
offices, it should be void. This was the original of the statu-
tory enactments found in this and most of the States pro-
hibiting and making void bonds taken *colore officii*. But our
statute, as was said by COWEN, J., in *Webber's Ex'rs* v. *Blunt*
(19 Wend. 191), is much broader than the statute 23 Hen.
VII. The bail required to be taken by that statute was what
was known under the common-law practice as bail to the sheriff
or bail below, and the bonds or obligations referred to were
those taken in the first instance for the appearance of the pris-
oner arrested to answer the writ. But our statute applies to
every bond, obligation or security taken by a sheriff or other
officer, by color of his office, contrary to his duty. Under our
practice the undertaking to be given by a defendant in a civil
action to be released from arrest stands in the place both of
bail to the sheriff and bail to the action, or special bail under
the former system. The sheriff, in taking an undertaking on
letting to bail, acts both in the interest of himself and of
the plaintiff. If the bail fail to justify on demand, he
stands liable as bail, and has a remedy over against the
bail, unless other bail be given or justify. (Code, §§ 201, 203.)
The statute of Henry VII was strictly construed by the
English courts; and securities or agreements taken by sheriffs,
not in strict conformity with its provisions, were held to be
void. (*Scryven* v. *Dyther*, Cro. Eliz. 672; *Rogers* v. *Reeves*,
1 Term R. 418; *Fuller* v. *Prest*, 7 id. 110.) These decisions
have been followed in analogous cases in our courts. (*Sullivan*
v. *Alexander*, 19 Johns. 233 ; *Bank of Buffalo* v. *Boughton*, 21
Wend. 57; *Barnard* v. *Viele*, id. 88 ; *People* v. *Meighan*, 1
Hill, 298.) The fact that under our practice the bail taken by
the sheriff, on discharging a prisoner from arrest, stands in some
sense both as bail to the sheriff and as bail to the action, does

not, we think, at all affect the application of the statute making
void obligations.taken *colore officii*, when the undertaking con-
tains conditions not prescribed by law; nor is it, as we con-
ceive, in the power of the plaintiff afterward to adopt the act
of the sheriff and thereby avoid the effect of the illegality.
Such a principle, if admitted, would defeat the purpose of the
statute. The statute, like the statute of Henry VII, is spe-
cially designed to prevent extortion and oppression by officers
of prisoners in their custody. The law prescribes the nature
of the undertaking and the duty of the sheriff. If the officer
takes an illegal security, he is liable to the plaintiff in a
proper action; but the plaintiff cannot be permitted to elect
to enforce an undertaking illegally taken, when it is for
his interest to do so. The statute does not admit of such
a construction. The illegal security is wholly void, and
can be enforced neither by the sheriff nor by the plaintiff.
It is, we think, no answer to the defense based upon the
statute, that the illegal security was taken at the instance of
the defendant. The security is not good or bad, depending
on the circumstance whether it was voluntarily and willingly
given, or was extorted by actual duress and oppression. The
law defines the condition of the undertaking that the duty of
the officer and the right of the party in custody may be plainly
understood, and that nothing be left to conjecture or in uncer-
tainty. Courts justly regard with great jealousy all departure
by officers holding prisoners under arrest from the strict line
of duty. The undertaking in this case bound the surety in
double the sum authorized by the order of arrest, and if the
undertaking is to be regarded as taken by the sheriff in his
official character and in the exercise of his official authority,
it must, both upon principle and authority, be held to be void.

But we are inclined to the opinion that the undertaking in
question may, in view of the circumstances under which it was
made, be regarded as an agreement made between the parties
to the action, and not as an undertaking taken by the sheriff,
under the claim or in the exercise of official authority. It is
said by Blackstone (1 Bl. Com. 137) that if a man be law-
fully arrested, and, either to procure his discharge or on any

other fair account, seals a bond or a deed, this is not by duress of imprisonment, and he is not at liberty to avoid it. This principle of the common law has been applied in several cases, in actions upon agreements claimed to be void under the statute Henry VII; and it has been held that where the agreement to discharge a party from arrest was between the parties to the action, it could be enforced by the plaintiff, although it did not conform to the statute. It is competent for the parties, independently of the statute, to agree upon the terms and conditions upon which the discharge shall be had. In *Milward* v. *Clerk* (Cro. Eliz. 190), the defendant having been arrested at the plaintiff's suit, in consideration that he should be permitted to go at large, and that the plaintiff would give his warrant to the bailiff, to suffer him to go at large, promised the plaintiff to appear at the day of the return of the process, or pay him ten pounds. In an action upon this promise the defendant pleaded the statute 23 Henry VII; but the court said: "It is a good assumpsit, being made to the party who had authority to dispense with the appearance; but if the promise had been made to the sheriff, or to any one to his use, it had been within the equity of the statute." In *Hall* v. *Carter* (2 Mod. 304), the action was upon a bond executed by the defendant to the plaintiff, conditioned that if a third person (who had been arrested at the suit of the plaintiff) should give security for the payment of the plaintiff's debt, or should render his body to prison at the return of the writ, the obligation should be void. The defendant pleaded the statute, and the plaintiff demurred. The court sustained the demurrer, and gave judgment for the plaintiff, saying, "There is no law that makes the agreement of the parties void; and if the bond was not taken by such agreement, it might have been traversed." The same principle was recognized and applied in *Winter* v. *Kinney* (1 N. Y. 365). The court reversed the judgment below, on the ground that the question should have been submitted to the jury whether the agreement under which the plaintiff paid the money, which he sought to recover back, was made with the sheriff or with the party at whose suit he

was arrested; the court saying the party may make such agreement or take such security as he pleases, on discharging his debtor from arrest. (See, also, *Harp* v. *Osgood*, 2 Hill, 216.) The evidence shows that the sheriff declined at first to take the undertaking in question, doubting his authority to do so. He did not take it in the exercise of his official authority. He simply, as the transaction is proved, consented, at the solicitation of Adee, to act as the intermediary to ascertain whether the plaintiff's attorneys would accept the undertaking, and, discharge him from arrest. When the plaintiff's attorneys consented to the proposition and accepted the undertaking, it became operative and binding, not as a statutory obligation, but as a common-law agreement between the parties, for a breach of which an action would lie, as upon any other assumpsit.

The remaining question which we deem necessary to consider is, whether there was evidence tending to establish the defense, that the plaintiff, by her laches, had discharged the surety or his estate from liability. The judge directed a verdict for the plaintiff, and if such evidence was given, the direction of a verdict was error. It appears that the action of *Adee* v. *Adee* was tried at Special Term, and resulted in a decision, July 28, 1868, granting the plaintiff a limited divorce, and adjudging the payment by the defendant to her of a certain sum annually for her support and maintenance. The decision was filed in the clerk's office of the proper county July 30, 1868, but no further action was taken by the plaintiff until April 21, 1874, when judgment was entered by her attorneys, in conformity with the decision made nearly six years before. Subsequently execution was issued against the property of the defendant; and after its return unsatisfied, an execution was issued against the body, to which the sheriff returned, not found. But before this, and in September, 1868, the attorneys for Adee served written notice on the plaintiff's attorneys to tax the costs and enter judgment in the action. Stephen B. Adee died in 1870, leaving a will, by which he appointed the defendants his executors. Augustus W. Adee has resided since 1868 out of the State.

He returned to this State in 1869 and 1871, and remained on each occasion several weeks, visiting his relatives in Delaware county, where he formerly resided. During his visit in 1871, the executors of Stephen B. Adee made search at the clerk's office for the undertaking executed by their testator, but were unable to find it, it not having, at that time, been filed. They then called upon the plaintiff's attorney and informed him that Augustus W. Adee was here, and would remain a month or more; that they had searched the clerk's office and could not find the undertaking, so as to make a surrender and be exonerated; and requested him to enter judgment and issue executions and enforce them against Augustus W. Adee, so that the estate might be discharged from liability on the bond. The executors offered to stipulate the costs, to prevent delay, but the attorney replied that he preferred to take the usual way. Nothing was done in response to the request of the executors. Augustus W. Adee remained within reach of execution four or five weeks after this, and then returned to his home in another State.

Bail are sureties, with the rights and remedies of sureties in other cases. (*Livingston* v. *Bartles*, 4 Johns. 478; *Rathbone* v. *Warren*, 10 id. 587.) The case of *King* v. *Baldwin* 17 Johns. 384) declared the doctrine which has been followed in subsequent cases, that a surety is discharged by the neglect of the creditor, upon request of the surety, to proceed against the principal, if thereby the debt has been lost. (*Remsen* v. *Beekman*, 25 N. Y. 552; *Colgrove* v. *Tallman*, 67 id. 95, and cases cited.) The doctrine was applied in *Row* v. *Pulver* (1 Cow. 246); in an action brought by the plaintiff upon an instrument executed on an adjournment of a cause in a justice's court, to the effect that the defendant in the action should stand trial and pay the damages and costs, or render himself on execution, in case judgment was given against him in the action. The surety, after judgment against his principal, requested the plaintiff to charge him in execution, and failing to do so, as he might have done, the surety was held to be discharged. We

perceive no reason why the doctrine of *King* v. *Baldwin* is not applicable in this case. It is said that the statute provides for the exoneration of bail by the surrender of the principal, and that it was incumbent on the defendants (who for this purpose represented the testator) to take the steps prescribed by the statute, if they desired to be released from liability. (Code, §§ 188, 191; *Meddowscroft* v. *Sutton,* 1 B. & P. 61.) But it is a sufficient answer to this position, that the right of surrender under the statute is an incident to the statutory obligation. Bail are said to be the jailers of their principal, and he may be kept by the bail for their indemnity, for the reason stated by Lord COKE (4 Inst. 178): "because the court of justice doth deliver him unto them to be safely kept." It is not every agreement made by a surety for the appearance of a defendant in a bailable action which confers upon the surety the right to the custody of the principal, or the power to surrender him at any time in exoneration of the surety's liability. This was one of the distinctions between *bail* and *mainprize.* These words are often used in the old books as synonymous, and both are obligations for the appearance of a party and to save him from imprisonment, and the chief difference is said to be, " that a man's mainpernors are barely his sureties, and cannot imprison him *themselves to secure his appearance, as his bail may, who* are looked upon as his jailers." (Bac. Abr., tit. Bail.) In *Tuttle* v. *Kip* (19 Johns. 194), it was held that the common-law incidents of a recognizance of bail, according to the practice of courts of record, do not apply to a justice's court, and that a surety could not surrender his principal against his consent or without an execution. (See, also, *Row* v. *Pulver, supra.*) In this case, if the undertaking is regarded as having been taken by the sheriff, it is void and cannot be enforced. The plaintiff can only maintain the action upon the theory that it is an agreement between the parties good at common law and not requiring the aid of the statute. So treating it, the defendant's testator stood as surety merely that his principal would hold himself amenable to process. He was not the jailer of his principal, and the statutory provisions au-

thorizing bail to surrender their principal before judgment do not apply to the case. We are of opinion that the question of laches should have been submitted to the jury. It may not conclusively appear that if the plaintiff had acted promptly on request of the representatives of the surety, the principal could have been taken in execution. But the defendants were entitled to the finding of the jury upon this defense. We are also of opinion that the request and notice to the plaintiff's attorneys was equivalent to notice to the plaintiff. They had charge of the litigation. Their authority as attorneys continued after the decision of the case, for the purpose of entering judgment and issuing execution. It would be very inconvenient and contrary to the common understanding, to hold that in a case like this they did not represent the plaintiff.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.