STEPHEN R. RYAN, as ASSIGNEE, ETC., OF CALVIN L. WINTERS, APPELLANT, v. J. NELSON WEBB AND PARLEY H. JOHNSON, RESPONDENTS.

*Undertaking on appeal — when void as a statutory obligation, it may be sustained as a common-law agreement — general assignment — the title vests in the assignee upon its execution, delivery and record.*

January 28, 1881, one Winters made a general assignment to one Webb, which was, after being duly executed by both parties, recorded. February twelfth, an inventory was filed and an order was made requiring the assignee to give a bond, with which he failed to comply. February twenty-eighth, Webb obtained a judgment against Winters upon which he issued an execution under which he caused all the personal property which belonged to Winters at the time of the assignment to be sold. . The property, which had remained in the possession of Winters until the time of the sale, was struck off to Webb for $255. Webb thereafter appealed to the General Term from an order which removed him as assignee, because of his failure to give a bond and directed him to pay over to his successor all the property which had come into his hands or under his control as assignee under the assignment.

Upon the filing of an undertaking given in the form prescribed by section 1327 of the Code of Civil Procedure, to pay the sum recovered or directed to be paid by the order, instead of in that prescribed by sections 1328, 1329, to obey the directions of the appellate court, an order staying proceedings pending the appeal was procured.

In this action brought upon the undertaking by the new assignee, after the affirmance of the said order:

*Held,* that although the undertaking was, as a statutory obligation, invalid, yet as Webb had by that means obtained a stay of proceedings pending the appeal, it thereby became operative and binding upon the sureties as a common-law agreement.

That the claim that no property was under the terms of the order deliverable, because none had come into Webb's hands as assignee, was not tenable, as the execution, delivery and recording of the assignment vested the title to all the property of the assignor in Webb, and his failure to give the bond did not divest him of that title or revest the same in Winters.

That the plaintiff was entitled to judgment for the value of the property. (HARDIN, J., concurred in result.)

APPEAL from a judgment in favor of the plaintiff, rendered in the County Court of Jefferson County.

January 28, 1881, Calvin L. Winters, of Jefferson county, made a general assignment, in trust for his creditors, to Fayette H. Webb, who, in the same instrument, accepted the trust. The assignment was properly executed and acknowledged by both parties, and on the following day recorded in Jefferson county. February 12, 1881, an inventory was filed and an order made requiring the assignee to give a bond in the sum of $1,500. Webb gave no bond, but on February 28, 1881, he obtained judgment against Winters in the Supreme Court, and caused an execution to be issued thereon, upon which the sheriff levied upon, and about the middle of March, 1881, sold all the personal property subject to levy which belonged to Winters at the time of making the assignment. The property sold, with the exception of a single article of little value, was struck off to Webb for $255.

This property had remained in the possession of Winters until the sale by the sheriff. No possession was taken of it by Webb except as it was delivered to him at the sheriff's sale, and no other property of Winters' came to his possession.

April 13, 1881, the county judge of Jefferson county, upon the petition of a creditor showing that no bond had been filed, made an order removing Webb as assignee and appointing the appellant Ryan in his place. The order directed Webb to pay over and surrender to Ryan all the property which had come into his hands or under his control as assignee under the assignment. Ryan immediately qualified as assignee and demanded the property. Webb did not surrender, but sold it as his own.

April 30, 1881, Webb appealed from the order removing him as assignee to the General Term, and upon an undertaking signed by the defendants in this action obtained from the recorder of Watertown an order staying the proceedings pending the appeal.

The General Term affirmed the order, with costs. Ryan thereupon sued the present defendants upon their undertaking in the Jefferson County Court. The court upon the trial held the undertaking not such an one as the sureties were liable upon for the value of the property, and directed a verdict for the plaintiff, limited to the costs of the appeal to the General Term. From the judgment entered upon the verdict the plaintiff appeals to this court.

*E. C. Emerson*, for the appellant.

*Watson M. Rogers*, for the respondents.

CHURCHILL, J. :

The appeal from the order of removal to the General Term, including the stay of the execution of the order, was governed by title 4, chapter 12 of the Code. (Code, § 1360.)

Such stay could only be by order, which could be made with or without security in the discretion of the judge making it; but if security was required, the provisions of title 2, chapter 12 applied. (Code, § 1351.)

The order appealed from was one directing the delivery of personal property and the undertaking should have been, that the appellant would obey the direction of the appellate court. (Secs. 1328, 1329.) Instead, it followed section 1327, the sureties undertaking that if the order appealed from was affirmed, the appellant (in addition to the costs of the appeal) would pay the sum recovered or directed to be paid by the order. The order appealed from did not direct the payment of any sum of money, and section 1327 did not apply to the appeal. (*Grow* v. *Garlock*, 29 Hun, 598; *Bank of Havana* v. *Moore*, 8 Weekly Dig., 198.) As a statutory obligation the undertaking was therefore invalid. (*Post* v. *Doremus*, 60 N. Y., 371, 377; *Hollister* v. *McNeill*, 31 Hun, 629.) But upon this undertaking the appellant Webb obtained a stay of proceedings pending the appeal. The undertaking thereby became operative and binding as a common-law agreement. *Toles* v. *Adee*, 84 N. Y., 222, 238; *Goodwin* v. *Bunzl*, 6 Civ. Pro. R., 226.) In construing such an agreement, the language used is to have a reasonable interpretation according to the intent of the parties, as disclosed by the instrument read in the light of surrounding circumstances and of the purpose for which it was made and so as, if possible, to give the instrument its intended effect. And this applies to the obligations of sureties as well

as any other, and if the expressions used by the surety are ambiguous, the ambiguity will be taken most strongly against him. (*Waldron* v. *Willard*, 17 N. Y., 466; *Belloni* v. *Freeborn* 63, id., 383.)

A considerable part of the assigned property had come into the possession of Webb at the sheriff's sale. The order appealed from required him to pay over and surrender to Ryan all property which had come into his hands or under his control as assignee under the assignment. The undertaking was given, as the evidence shows, to enable him to keep possession of the property. That with the attending circumstances warranted a finding that the sureties by the language used, intended to undertake, in case the order was affirmed, that the appellant would do what the order required him to do, *i. e.,* surrender the property to the new assignee, and effect should be given to the undertaking according to that intent.

It is claimed for the respondents that nothing came into the hands of Webb *as assignee*; that he acquired *title* as well as *possession* at the sheriff's sale; and that, therefore, no failure to obey the order of the county judge was shown. This position is not tenable. The assignment was properly executed by both parties, delivered and recorded in January, 1881, and the title to the property thereupon vested in the assignee. (*Warner* v. *Jaffray*, 96 N. Y., 248; *Matter of Farnam*, 75 id., 187.) Webb's failure to give a bond did not divest him or revest Winters with the title. (*Brennan* v. *Willson*, 71 N. Y., 502.)

The sale by the sheriff in March, 1881 on an execution against Winters, passed no title since Winters had none to part with. Webb then acquired possession as well as title, and held the property under the assignment and subject to its trusts. The county judge erred in holding that the undertaking was not one upon which the plaintiff could recover for the value of the property, and in directing a verdict limited to the costs of the appeal to the General Term. The judgment should be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., concurred in the result on the authority of *Toles* v. *Adee* (84 N. Y., 222); FOLLETT, J., not voting.

Judgment reversed and a new trial ordered in the Jefferson County Court, with costs to abide the event.