## Bower vs. Tiermann.

The holder of a note guarantied by a surety may take a judgment by confession from the maker, with a stay of execution for such a period as would be required to obtain judgment and execution in a suit not defended. *Semble.*

But if a longer time be given, the surety will be discharged, though the maker might have obtained as great a delay by defending the suit.

Assumpsit, tried at the New-York circuit in July, 1844, before Kent, late C. Judge. The plaintiff claimed to recover upon the guaranty of the defendant of the payment of a promissory note made by one Truschell, dated March 1, 1839, for $500, payable to the plaintiff immediately; and gave evidence tending to sustain the action. On the part of the defendant it was shown that Truschell the maker, for whom the defendant was a surety, on the 21st day of December, 1842, executed to the plaintiff a bond and warrant of attorney to confess judgment for the amount of the note, pursuant to which judgment was perfected on the 29th day of the same month. At the time of confessing the judgment, the plaintiff gave a stipulation by which he agreed not to issue execution if Truschell paid $100 in *sixty days*, and continued to pay $100 every sixty days thereafter until the judgment was satisfied; but upon any default in these payments, execution might issue immediately. It did not appear that any payment was made within the first sixty days, but a *fi. fa.* was not issued until November, 1843. It was afterwards returned unsatisfied. The defendant moved for a nonsuit, insisting that the stipulation not to issue execution discharged the defendant. The circuit judge denied the motion, reserving the point with the plaintiff's assent, and giving the defendant liberty to move the court for leave to enter a nonsuit. Verdict for the plaintiff.

*N. Hill Jr.*, for the defendant, moved for a nonsuit on a case. He referred to *Bangs* v. *Strong*, (7 *Hill*, 250,) and the authorities cited by the defendant's counsel in that case.

Bower *v.* Tiermann.

*H. Denio*, for the plaintiff, said that by the terms of the stipulation the first payment was required to be made before the plaintiff could have obtained judgment and an execution, if a suit had been commenced and had been defended. As that payment was not made, there was no operative agreement for further delay. No time has therefore been given which the principal debtor could not have obtained in the regular course of a suit, and in such cases the surety is not discharged. (*Hallett* v. *Holmes*, 18 *John.* 28; *Price* v. *Edmunds*, 10 *Barn. & Cress.* 578.) In *Barker* v. *McClure*, (2 *Blackf.* 14,) the principal gave a cognovit with an absolute stay of execution for six months, and yet the court held that the surety was not discharged, because by putting in a defence the debtor could have obtained as long a delay.

PER CURIAM. This court has never relaxed the rule that giving time to the principal discharges the surety, further than to say, that if upon confessing judgment such indulgence is given as the debtor might certainly have obtained by the ordinary progress of a suit, the surety shall not be discharged. In this case judgment would have been obtained, had a suit been brought, before the expiration of the sixty days, unless a defence had been interposed. We cannot assume that this would have been done, as no defence in reality existed. We think it would be unsafe to extend the exception to the rule farther than has already been done here. If the case referred to gives greater latitude, it ought not to be followed.(*a*)

Judgment of nonsuit.

(*a*) This case and the one next following were decided at the last July term.