# SUPREME COURT.

## ALANSON CROWELL agt. CORNELIUS BROWN.

After judgment and execution issued against the person of a defendant, he is too late to move to *vacate the order of arrest* obtained in the action; or which is the same thing, to move for an order setting aside the execution and a discharge from arrest.

*Madison Special Term, December,* 1858.
MOTION to vacate order of arrest.

MASON, Justice. If this motion were made before the defendant had justified his bail, I should have no doubt upon the papers before me, that the order of arrest should be vacated. The question now presented for adjudication is, whether this can be done after judgment, and the defendant has been arrested and is imprisoned on an execution against his person, or rather whether the *ca. sa.* can be set aside and the defendant discharged from arrest thereon?

It is very clear that the defendant cannot move to vacate the original order of arrest after he has put in and justified bail. (*Stewart* agt. *Howard,* 15 *Barb. R.* 26; 12 *How. R.* 516; *id.* 197; 8 *How. R.* 213; 3 *Sandf. S. C. R.* 706.) And this is conceded by the defendant's counsel on this motion; but it is claimed and insisted that after judgment, and the defendant has been arrested on an execution against his person, that the bail is *functus officio,* and that the estoppel created by giving bail ceases, and that when an execution is taken out upon the judgment against the defendant's person, he may move to set it aside as not warranted by the facts, and that it is no answer to his application, to say that he allowed himself on the same facts to be arrested by preliminary process. That the quiet submission to one wrong may provoke but cannot justify another, and we are referred to the opinion expressed by ROOSEVELT, Justice, in the *Bridgewater Paint Manufacturing*

*Co.* agt. *Mesmore*, (15 *How. R.* 12,) as affirming and sanctioning this practice. He declares his opinion to this effect, but that case cannot be regarded as authority, for what he says upon this subject is *obiter*.

I think such a motion cannot be entertained after an execution has been issued upon the judgment against the defendant. The condition of his undertaking is prescribed by the 187th section of the Code, that he will at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein. Now while this duty rests upon him, I do not see how he can move to set aside the very process which his undertaking imposes upon him the duty of rendering himself amenable to. (*Code*, § 187.) It is not necessary that the record should show the liability of the defendant to arrest. It is sufficient to justify an execution against the person that an order of arrest in pursuance of sections 179 and 181, has been obtained and remains in force. (*Corwin* agt. *Freeland*, 2 *Seld. R.* 560.) This execution was justified by the order of arrest when issued, as held in *Corwin* agt. *Freeland*, (2 *Seld. R.* 560,) and I do not see how we can interfere with it.

The motion comes too late, and must be denied, with $10 costs.