WILLIAM C. FIELD, Respondent, v. RODOLPHUS J. CUTLER, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

The surety upon a promissory note is not discharged from liability by neg-
lect of the payee to proceed, upon request after maturity, for its collec-
tion against the principal debtor, where the latter is insolvent at the time
of the request, and so remains, and the debt is uncollectible from him.
*Craig* v. *Parkis* (40 N. Y., 181) distinguished.

THE action was brought upon a promissory note, dated October 3, 1865, for $1,000, payable sixty days after date, with interest, signed by William Comstock, Jr., and the defendant. Issue being joined, the case was referred, and tried before a referee.

It appeared upon the trial that, on and previous to October 3, 1865, William Comstock, Jr., had been, and then was, a merchant in Laurens, Otsego county, and that he and the defendant had been and were partners in the droving business.

On October 3d the plaintiff loaned to Comstock $1,000, on his representation that he and the defendant wanted the money to use in their firm business, and the plaintiff relied upon and believed the representation. The money was, in fact, borrowed for the individual benefit of Comstock, and used by him, and defendant signed as surety, which facts plaintiff did not know until February, 1867. In February, 1867, defendant directed plaintiff to collect the note of Comstock. At the time of giving such direction, Comstock had in his possession goods,

&c., to the amount of from $2,000 to $3,000, and owed over $8,000, and was, in fact, insolvent.

On the 21st of October, 1867, Comstock made a general assignment, and owed $8,606.86, and his effects paid ten per cent. The evidence showed that Comstock had paid more debts than he had incurred between February, 1867 (when notice to collect was given), and the 21st of October (when he made assignment).

Objections were made upon the trial to the admission of evidence, which are sufficiently stated in the opinion.

The referee found substantially the foregoing facts, and ordered judgment for the plaintiff for the balance due on the note. Exceptions were taken to the referee's report. Judgment being entered upon the report, the defendant appealed.

*E. M. Harris*, for the appellant and defendant.

*L. L. Bundy*, for the respondent and plaintiff.

Present — MILLER, P. J., POTTER and PARKER, JJ.

By the Court — MILLER, P. J. The defence interposed to the plaintiff's demand is put upon the ground that the defendant was merely a surety on the note, and that the plaintiff failed to prosecute the principal after notice ; and that, by means of the delay, the defendant was exonerated from liability. It is claimed that the defendant's position was similar to that of a guarantor of collection, which obligated the plaintiff to commence a suit against the debtor within a reasonable time after the debt became due, and that, upon a failure to do so, the surety is released. The defendant relies upon the case of *Craig* v. *Parkis* (1 Hand, 181), to sustain this position. This was an action upon a guaranty incorporated in an assignment of a bond and mortgage, by which the defendant guaranteed the collection of the amount " as it becomes due ;" and it was held to be an undertaking that the debt would be paid if the principal was prosecuted with reasonable diligence, and that

Field v. Cutler.

a delay of six months after the debt has become due is not reasonable diligence, where all the principals reside within the State, and discharges the guarantor. This construction of the contract is put, as I understand it, upon the ground that the defendant guaranteed the collection, and not the payment, of the amount, and does not interfere with the principle which is applicable to the relationship existing between a principal and surety to a promissory note.

In *Remsen* v. *Beekman* (25 N. Y., 552), the rule is laid down, as one of long standing, " that, if a surety request the creditor to collect the debt from the principal, and the creditor refuse or neglect to do so, at the time when it is collectible, and, from a subsequent change of circumstances, it becomes uncollectible, the surety is, by such conduct of the creditor, exonerated from his liability." (See also *King* v. *Baldwin*, 17 Johns., 384; *Pain* v. *Packard*, 13 id., 174.) This is, undoubtedly, the correct rule; but, in order to bring the surety within this rule, it must, I think, be made to appear that the debt was collectible, and, by the delay to collect, it became uncollectible. As laid down in 13 Johns., 174, and 17 id., 384, the principal must be solvent at the time. The surety will not be discharged on the neglect of the creditor to prosecute the principal debtor, if the principal was insolvent at the time, and unable to pay his debts, and continued so ever afterward. (*Thompson* v. *Hall*, 45 Barb., 214; *Frost* v. *Benedict*, 21 id., 247.) Mere indulgence on the part of the creditor, and neglect to prosecute the principal, will not discharge the surety. (*Fulton* v. *Matthews*, 15 Johns., 433; *Schroeppell* v. *Shaw*, 3 N. Y., 446; *Dorlon* v. *Christie*, 39 Barb., 610; *Thompson* v. *Hall*, 45 id., 217.)

In the case at bar, the referee found that, at the time of the direction to prosecute, the principal's indebtedness was two or three times as much as his property, and he was insolvent and wholly unable to pay his debts. There is sufficient evidence to sustain this finding, which was substantially the same as in *Thompson* v. *Hall* (*supra*), and the conclusion of law, that, being insolvent at the time of the request, the surety was not

discharged.   Under such circumstances, it is quite apparent that the debt is not collectible, within the rule laid down in *Remsen* v. *Beekman;* and I think it would be in conflict with the whole current of authority to hold that a mere notice to collect, when the party is insolvent, relieves the surety.   I am unable to discover any distinction in the present case from those cited, which relieves the defendant from liability, and am of the opinion that there was no error in the decision of the referee on this point.

Independently of the question discussed, there may be some doubt whether the defendant is not liable on other grounds; but it is unnecessary to consider them, if I am right in the conclusion to which I have already arrived.

The evidence of the principal's indebtedness at the time of the assignment made by him was competent in connection with other testimony which established that it had existed at the time the notice to collect the note was given.   So, also, the assignment of the principal for the benefit of creditors was competent, for the same reason.   The other evidence, tending to show the insolvency, was equally admissible for the purposes for which it was offered.

There was no error on the trial, and the judgment must be affirmed, with costs.

Judgment affirmed.