O’Gorman, J.
This action is brought to enforce against defendants their obligation as sureties on a bail bond -given by one Rogers in an action against him, in which the plaintiff here was plaintiff and in which Rogers was arrested.
The gist of that action was fraud on the part of Rogers, whereby the plaintiff was induced to lend him *279 money on a note. Rogers in his answer denied the fraud.
When that case was reached for trial on the calendar and about to be tried, a written stipulation was entered into between the respective attorneys, which stipulation is set forth at length in the defendants’ answer in this present action. The main question now is as to the true construction of that stipulation.
The defendants contend that it involves the abandonment by the plaintiff there of all charge of fraud against Rogers and the right to arrest him or to issue execution against his person in that action; and that all liability of the sureties there, who are the defendants in this present action, thereby terminated.
I should, perhaps, be of that opinion but for the following provision in the stipulation: “ In case the plaintiff shall enter judgment herein upon the defaults in either of the payments above provided, he shall have the same right to enforce said judgment so entered, by execution, as he could have, had such judgment been entered, upon the verdict of a jury in favor of the plaintiff in this action.” I cannot see any purpose in that provision unless it be to secure to the plaintiff his right to issue execution against the person of Rogers.
Rogers had, by a preceding clause of the stipulation, withdrawn his answer. The plaintiff had not withdrawn or modified his complaint which charged fraud on the part of Rogers. A verdict in his favor would have involved a finding of fraud as the necessary ground and gist of the action and also, as a consequence, the right to issue execution against the person of Rogers. The plaintiff’s right to issue execution against the property of Rogers existed of course, and needed no consent on the part of Rogers, inserted in the stipulation to preserve that right.
The judgment actually entered, although entered by virtue of the stipulation and by consent of the attorney of Rogers, was yet founded on a complaint alleging *280 fraud, not denied by an answer of Rogers, and with the same force and effect as if the fraud alleged had been proved to the satisfaction of a jury.
The disclaimer of fraud made by Rogers in the stipulation did not affect the judgment record in which the fraud stands affirmed, and admitted, because not denied.
This, I think, is the true construction of the stipulation taken as a whole. It meant that the plaintiff was to lose none of his rights against Rogers by reason of the indulgence he extended to him as to time for payment, etc., and in case the terms on which that indulgence was granted were not complied with. The issue of execution against the person of Rogers was therefore, justifiable and valid.
• The next contention of the defendants is that the stipulation involved an extension of time to Rogers for payment of the claim in suit and a delay on the part of the plaintiff in putting his legal remedies into execution which exonerated the defendants here who were his sureties.
By the terms of the stipulation the time allowed Rogers to pay the plaintiff Avas four months. Before issue of the execution against his person, Rogers placed himself outside the jurisdiction of this court. The defendants were not parties to or even aware of the stipulation when it was made, and made no request that plaintiff should proceed against Rogers with promptitude or without delay.
The sureties on a statutory bail bond have all the rights of sureties and are discharged if the creditor, on their request that he should proceed against the principal, refuses to do so. Toles v. Adee, 84 N. Y. 239; Remsen v. Beekman, 25 Ib. 556. But the mere extension of time to pay did not, in the absence of such demand, exonerate the sureties. Ducker v. Rapp, 67 N. Y. 471.
The sureties had always the right to protect themselves by surrendering their principal to the sheriff under section 591 of the Code.
*281 Tliis case was tried by me without a jury, and, in my opinion, the plaintiff is entitled to judgment for the relief demanded in his complaint, with costs.
The following is the stipulation referred to in the above opinion:—
“ The answer heretofore served in this action by the defendant is hereby withdrawn. The plaintiff hereby stipulates not to enter judgment herein until the 29th day of March, 1886. If the defendant shall on or before the 29th day of March, 1886, or before the plaintiff shall have entered judgment herein, pay to the plaintiff the sum of $3,000 on account of the note held by the plaintiff, then the plaintiff agrees not to enter judgment herein until the first day of July, 1886. If the defendant shall on or before the first day of July, 1886, or before the plaintiff shall have entered judgment therein, pay to the plaintiff the sum -remaining due on said note with interest thereon and with the costs of this action, then the plaintiff’ will discontinue this action and will deliver to the defendant the said note. In case the plaintiff shall enter judgment herein upon the defaults in either of the payments above provided, he shall have the same right to enforce said judgment so entered by execution as he could have, had such judgment been entered upon the verdict of a jury in favor of the plaintiff in this action. The defendant recognizes by this stipulation his full liability to the plaintiff upon the said note, but hereby disclaims any admission of the. truth of the allegations of fraud in the complaint contained, and enters into this stipulation solely as a means of providing security for the payments above provided for, and of providing a remedy in case of a default in the said payments. Dated New York, March 8, 1886.”
The court below found that “ the said agreement was made without the consent of knowledge of, and without notice to these defendants” ; and that “ the defendants in'this action were not informed of said agreement at the *282 time of its execution, nor did they since learn of it until the commencement of this action.” It also appeared from the findings, that prior to the entry of judgment, defendant went to Europe and there remained.
Stickney & Shepard, attorneys, and Nelson S. Spencer. of counsel, for appellants :
I. The plaintiff failed to prove the fraud alleged in the complaint in the action against Rogers, and consequently acquired no right to issue execution against Rogers’ person and the liability of his bail has not accrued. The execution against the person was void. The sureties undertook that in case the plaintiff obtained a right to have the body of his debtor in execution of a judgment, that they would pledge themselves for his appearance. This right the plaintiff has failed to obtain. The statute, § 549, Code Civ. Proc., required him not only to allege fraud, but to prove it. It provides that the plaintiff cannot recover unless he proves the fraud. Plaintiff did not prove the fraud in this action. He never even went to trial. Instead of doing so he arranged a settlement of the action with Rogers, whereby the case is left, in effect, one where the defendant has obtained a verdict in his favor on the question of fraud, but where the plaintiff has subsequently obtained a judgment (in the words of § 536), “ upon the contract only.” It will not be seriously contended that in such a case an execution against the person could be issued or bail held liable. The learned judge errs in saying that “ a verdict in his [plaintiff’s] favor would have involved a finding of fraud, as the necessary ground and gist of the action.” It would not do so if there were no proof of fraud and if the defendant, as in this case, consented to a verdict against him upon the contract liability.
II. The plaintiff, by making the stipulation with Rogers, expressly waived his charges of fraud, and consequently the right to issue execution against, his body *283 and the liability of his bail. The learned trial judge suggests that the clause in the stipulation providing that plaintiff should have the same right to enforce a judgment to be entered by execution that he could have, had a judgment been entered upon the verdict of a jury in his favor, secures him a right to execute the judgment against Rogers’ person. It is submitted that this clause does not have this effect. The stipulation must be read as a whole. These words under such circumstances, can refer to nothing but an execution against property. Even upon the assumption that they were intended to include an execution against the person, they must, upon familiar rules of construction, be read so as to give effect to the entire stipulation. This they would not do if they should be held to include an execution against the person. The subsequent provision disclaiming the fraud would be nullified, as it is only upon the basis of that fraud, and of proof of it, that the plaintiff would be entitled to a judgment which would give him the right to issue such an execution. This construction is not affected by the suggestion that this right existed of course. It is a frequent occurrence, that, for abundant caution, provisions which secure rights which the law itself confers, are inserted in stipulations. If the plaintiff had intended to acquire the right to a body execution, he would have named it specially. And even if the plaintiff could have saved himself thus the right of a body execution as against Rogers, he could not do so as against the sureties. They were absolutely entitled to a proof of the fraud before he could recover against them. To dispense with proof of fraud would be an alteration of their contract, to which they must consent before it could bind them. They did not consent.
III. The plaintiff extended the time within which Rogers’ debt could be collected and thereby released the sureties.
With the action against Rogers marked ready for trial, and with full knowledge that if he could prove his *284 case he could procure a judgment against Rogers at once, the plaintiff deliberately extended Rogers’ time to pay the debt four months—from the 8th of March until the 1st of July. In the meantime Rogers left the country. Such an agreement released the sureties. Bower v. Tiermann, 3 Den. 378 ; Ross v. Ferris, 18 Hun 210; Rathbone v. Warren, 10 Johns. 587; Ducker v. Rapp, 67 N. Y. 464. It is no answer to these authorities to .say that the bail could have at any time surrendered their principal.' They are sureties with all the rights and remedies of sureties in other cases. Toles v. Adee, 84 N. Y. 222. In the nature of things, they would not be justified in making a surrender without some fact or suspicion of fact as the basis of their action. But they had no fact or suspicion which would move them to make a surrender. They were utterly ignorant of the situation of the matter. And there is no provision of law which throws upon them the burden of discovering private arrangements out of court between their principal and his plaintiff such as was made in this ease. They depend and have a right to depend upon the guaranty which the law gives them that their contract shall be enforced strictissimi juries. If the plaintiff had taken his judgment when he could have procured it on the 8th of March, they would then have been advised that they would shortly be called upon to make good their engagement and could have taken the necessary precautions to insure Rogers’ appearance in answer to an execution against his person. But before judgment was entered Rogers had left the country and their ability to Surrender him was gone.
Randolph B. Martine, attorney, and James Patrick, of counsel, for respondent:
I. In the stipulation withdrawing the answer, it is specially provided that the plaintiff shall have all the rights to enforce his judgment that he would have had *285 if the judgment had been entered after a trial upon the merits. This clause would seem to be conclusive.
II. It is, however, respectfully submitted that the defendants in this action (the bail) cannot set up or avail themselves of any objection to the judgment, in Stein-bock against Rogers, its manner of entry, or question the right to personal execution; these objections are personal to the defendant and cannot be raised by his bail when they are sued upon the bond given by them. Bensel v. Lynch, 44 N. Y. 162; Jewett v. Crane, 35 Barb. 208; Gregory v. Levy, 12 Ib. 610; Crowell v. Brown, 17 How. Pr. 68; How v. Frear, 21 Ib. 343; Lovee v. Carpenter, 3 Abb. Pr. N. S. 309; 30 N. Y. 581; 6 Ib. 561; 28 Ib. 318.
III. The position taken by the appellant that by reason of the fact that time in which to pay the claim Avas given by the stipulation AvithdraAving answer, the bail are released from their obligation is untenable. The extension Avas nothing more than a step in the action in which the plaintiff was attempting to enforce the payment of his claim, it was in no sense an extension of the liability of the sureties, and does not fall Avithin the rule of principal and surety as applied to ordinary cases of contract. The bond Avas an obligation to produce the body of the defendant, pursuant to the mandate of the court and not to pay the claim. No allegation is made in the pleadings of defendants or proAren on the trial, that they suffered any loss Avhatever, or Avere in any manner injured by said stipulation. In Toles v. Adee, 84 N. Y. 222, the court say that there must be injury to the surety or bail arising from the act complained of by them to constitute a defense, and further that where the bail bond is given in accordance Avith terms of the statute and the right to deliver up the principal in exoneration at any time therefore exists the bail are fully protected, and cannot complain of delay in issuing execution or entering judgment against their principal. See also Emery v. Baltz, 94 N. Y. 40; *286 Warner v. Beardsley, 8 Wend. 194; Thompson v. Hall, 45 Barb. 214 ; Singer v. Troutman, 49 Ib. 182; Herrick v. Borst, 4 Hill 650; King v. Baldwin, 17 Johns. 384; Fulton v. Matthews, 15 Ib. 432; Hubbell v. Carpenter, 5 N. Y. 177 ; Field v. Cutler, 4 Lans. 195. As to the effect of the right of bail to surrender principal at any time in exoneration, see Metcalf v. Stryker, 31 N. Y. 255.
Per Curiam.
The judgment should be affirmed with costs, upon the opinion delivered by the learned judge at special term.