## STEIN *v.* STEINDLER.

· (*City Court of New York, General Term.* December 7, 1892.)

**1. RELEASE OF SURETY—COVENANT NOT TO SUE PRINCIPAL.**

A covenant by the holder of a note that no action shall be taken by him thereon, and that he shall not be at liberty to prosecute it, until the maker thereof shall make default in a certain specified payment, which, by the terms of the agreement containing the covenant, is made payable on a day subsequent and fixed, is a covenant to extend the payment of the note until that day, and the indorser is thereby released, unless the remedies of the creditor against him are expressly reserved.

**2. SAME—RESERVING RIGHTS AGAINST SURETY.**

A reservation by the creditor, on such extension of time, of his rights against an indorser, cannot be implied, but must be expressly stipulated.

Appeal from trial term.

Action by Philip Stein against Isaac S. Steindler to recover on a promissory note, on which defendant was an indorser. From a judgment in favor of plaintiff, entered on a verdict directed by the court, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

*Rosenberg & Jacobson*, for appellant. *Ashbel P. Fitch*, for respondent.

VAN WYCK, J. This action is against the defendant, as payee indorser of a promissory note for $740, made by one Regina Mayer, on December 3, 1889, at four months, and due on April 6th, and upon which $600 had been paid prior to May 9, 1890, leaving the balance of $140, sued for herein. It appears that on September 10, 1890, an agreement for valuable considerations and under seal was made between said Regina Mayer as party of the first part, and this plaintiff, who was then the holder of said note, as party of the second part, and which recited, among other things, that "whereas, the parties hereto have this day adjusted and settled all matters in controversy between them, except certain notes, mentioned and described in the schedule annexed, marked 'Schedule A,' which last-mentioned notes are still in force, and it appears that, in addition to the notes mentioned in said schedule, the party of the first part is indebted to the party of the second part in the sum of $2,140.-15," and that she should pay him $60 in cash, and give her note for $2,080.15, payable on December 28, 1890, with interest; and she further agreed to pay him, notwithstanding the terms of the note for $2,080.15, three installments of $135 each on account thereof on October 23, November 23, and December 23, 1890, and he, in turn, agreed to accept a renewal note for the balance after such payments, but, in case of default in any of such payments, the original note was to become due five days thereafter; and there were similar covenants as to third and fourth renewal notes; and it contained the following covenant: "And it is further agreed by and between the parties hereto that no action shall be taken by the party of the second part on the notes mentioned in Schedule A until the party of the first part has fully paid off and discharged the notes hereinbefore specified, except that, in case the party of the first part shall make default in any of said payments, then, in that case, the party of the second part shall be at liberty to prosecute the notes mentioned in Schedule A." There were four notes mentioned in Schedule A, and one of them was the note made by Regina Mayer to the order of and indorsed by Isaac S. Steindler, this defendant, and then held by Philip Stein, the plaintiff, and now sued upon by him in this action; and he covenanted in that agreement of September 10, 1890, with Mrs. Mayer, the maker, that "no action shall be taken by him" on the note until she defaults in certain payments, the first of which was to be made on October 23d following, and that he was only "at liberty to prosecute" this note after such default; and hence this defendant, the payee and indorser of that note, contends that the payment of the same was extended from September 10th to December 23d, the day upon which the third

payment was to be made by Mrs. Mayer under that agreement, as it was admitted at folio 34 that she had made the first two payments therein provided for; but whether these two payments were made or admitted or not, she could not be in default until the first payment became due, on October 23d. This covenant by the holder of a note "that no action shall be taken" by him on the note, and "that he shall not be at liberty to prosecute" the same, until the maker thereof shall make default in a certain specified payment, which, by the terms of the agreement containing this covenant, is made payable on a day subsequent thereto, and thereby fixed, is undoubtedly a covenant to extend the payment of such note until such day. A covenant not to sue upon a note or other debt for a fixed period is an extension of payment of same for such period. The holder of a note, who took from the maker a warrant of attorney to confess judgment for the amount of the note, and at the same time stipulated not to issue execution if the maker paid a fixed sum in 60 days, and continued to pay a like sum every 60 days thereafter until the judgment was satisfied, thereby released the surety on the note. *Bower* v. *Tiermann*, 3 Denio, 378.

The liability of an indorser in an action by a subsequent indorser or holder who has given the maker an extension as to payment of the note is to be determined by the rules governing the relation of principal and surety; and the rule as to sureties is that, if the creditor has bound himself by any transaction with the principal debtor, which prevents the surety, upon payment, from immediately prosecuting the principal debtor, the former is discharged. Any valid or binding agreement whereby the surety may be deprived of or delayed in the assertion of his equitable claim to pay the debt and to become subrogated to the rights and remedies of the creditor, if made without the assent of the surety, will discharge him. An agreement for an extension, but for a day, of a secured debt, made without the consent of the surety, upon a valid consideration, which precludes the creditor meanwhile from enforcing the debt against the principal, thereby changing the position of the surety, will release the surety. And every extension to the principal debtor of payment of the debt thereby changes the position of the surety, and will release him, unless the remedies of the creditor against the surety are expressly reserved, and, in consequence, his resulting rights also reserved; but the stipulation to reserve the rights of the creditor against the surety must be plainly seen from the agreement between the principal debtor and the creditor, and, if nothing is mentioned about the reservation of these rights, it will not be implied. However, the appellant contends that plaintiff's rights as holder of the note, as against the defendant indorser, were expressly reserved by the recitals in the preamble to the agreement of September 10th that they (the holder and the maker) "have this day adjusted and settled all matters in controversy between them, except" the four notes made by her, one of which is this note in suit; that these four notes "are still in force;" and that she is indebted to him, "in addition to" these four notes, "in the sum of $2,140.15." But for this exception, the plaintiff would have lost forever his cause of action on the note, both against her and the indorser, and the effect of this exception in the preamble is to save the note from being included in the adjustment and settlement of all matters in controversy between them, as there was no controversy in reference to it. As the note was then due, had the parties stopped right here, the plaintiff would then have had an immediate right of action thereon against both her and the indorser, and this immediate right would have continued had he not expressly covenanted in the agreement with her to extend the payment of the note, and even then he could have expressly stipulated to reserve his rights as against the indorser; but he did not so stipulate, and such stipulation to reserve his rights as against an indorser cannot, under the law of this state, be implied. The judgment and order appealed from are reversed, and new trial

granted, with costs to appellant to abide the event. The plaintiff may be able to show on the new trial that the note was given to the defendant as an accommodation, and that he subsequently procured its discount, and retained the proceeds thereof, which would make his liability, as between him and the maker, primary; and hence he could not invoke the regulations as to subrogation and suretyship.